In the Matter of the Probate of the Last Will and Testament and Codicils of ANNA SCHUYLER AUSTIN, Deceased, as a Will of Real and Personal Property.

THOMAS D. AUSTIN and Others, by THOMAS M. ROWLETTE, their Special Guardian, Contestants, Appellants; CHARLES FRAZIER and Others, as Executors, etc., of ANNA SCHUYLER AUSTIN, Deceased, and Others, Proponents, Respondents.

*Surrogate's Court — it has power to construe a will containing dispositions of real and personal property inseparably connected — the practice of appealing from a decree admitting a will to probate discouraged.*

Where a will relates to both real and personal property, and the dispositions of both are inseparably connected, a surrogate has jurisdiction, under section 2624 of the Code of Civil Procedure, to give a construction to the will or pass upon the validity of any of its parts.

*Matter of Shrader* (63 Hun, 36), overruled.

The uselessness, in view of the provisions of section 2653a of the Code of Civil Procedure, of appealing from the decree of a surrogate, admitting a will to probate, pointed out by the court, and the practice of taking such appeals discouraged.

APPEAL by the contestants, Thomas D. Austin and others, from a decree of the Surrogate's Court of Kings county, entered in said Surrogate's Court on the 12th day of September, 1898, admitting

to probate the will and three codicils thereto of Anna Schuyler Austin, deceased.

*John A. Straley*, for the appellants.

*Richard T. Greene*, for the executors, respondents.

*E. H. Benn*, for the legatees, respondents.

GOODRICH, P. J.:

The will of Mrs. Austin was executed December 23, 1886; the 1st codicil, May 25, 1893; the 2d codicil, April 11, 1895, and the 3d codicil, December 30, 1897. The only actual contest of fact before the surrogate was the capacity of the testatrix to execute the last codicil, and he held that "the testatrix possessed sufficient testamentary capacity to execute the codicil which has been the subject of this controversy, and it must be admitted to probate." The contestants appeal from the entire decree.

It appears that about three years before the execution of her will, Mrs. Austin had suffered a stroke of apoplexy and had become paralytic. The physician who attended her in the first attack was dead at the time of the trial, but his brother, Dr. J. Lester Keep, who was her physician for several years before her death, testified that she had two other strokes of apoplexy during his attendance upon her, the latter of them being some time prior to the date of the 3d codicil, probably in 1896. She died in March, 1898. During the latter part of her life, the testatrix was a helpless invalid, requiring the attendance of a professional nurse, and her signature to the 3d codicil, though made with a pen held in her hand, was made with the guiding hand of her sister. There was evidence tending to show both that she was and that she was not mentally capable of making a will, but there is sufficient evidence to sustain the decision of the learned surrogate as to her testamentary capacity. After a careful reading of the evidence, we can find no cause for differing from him in his conclusions, all the more that the disposition of the estate seems to be in accord with natural affection and the relationship of the testatrix and the beneficiaries; and even if we were disposed to do so, no possible benefit could result to the contestants.

Indeed, it is difficult to discover any reason for appeals from any decision of a surrogate, admitting a will to probate, in view of sec-

tion 2653a of the Code of Civil Procedure, to which this court called attention in *Matter of Beck* (6 App. Div. 211; affd., 154 N. Y. 750, on opinion of CULLEN, J.). In order to emphasize the uselessness of and to discourage such appeals, we take occasion to repeat the language of the opinion (6 App. Div. 216):

"We think it proper to call the attention of the parties to the consideration whether it is now worth while to prosecute such appeals as the present one. By section 2653a of the Code of Civil Procedure (added in 1892), any person interested in a will may cause the validity of the probate thereof to be determined by a jury in an action brought in the Supreme Court for that purpose. Should we reverse the decree of the surrogate on the questions of fact in this case, the only relief we could grant the appellants would be to direct the trial of the issues by a jury. (§ 2588, Code.) This relief or review the parties can obtain, as a matter of right, under the section of the Code first cited, without an appeal."

In *Matter of Merriam* (136 N. Y. 58) the court held that the authority of the surrogate, under section 2624 of the Code of Civil Procedure, to inquire upon probate into the validity of a testamentary gift is limited to bequests of personal property, and that he has no such jurisdiction as to a devise of real estate; that the surrogate has power to determine whether a will shall be admitted to probate as a will valid to pass real property, without giving to his decision the effect of an adjudication as to the validity of the devises in the will, and that no one is prejudiced by such decision; that it casts no cloud upon the title of the heirs at law; that in any action or proceeding brought by them to recover possession of real property they can safely rest upon their rights of heirship, and that the record of the probated will is only evidence of its due execution and of the mental capacity and freedom from restraint of the testator and not of the validity of the devises contained in it, in any tribunal where the title to the real property of the testator may be in issue. (Code Civ. Proc. § 2627.)

It becomes necessary, however, to dispose of another question. The will contained the following clause:

"All the rest, residue and remainder of my estate, real and personal, I give and devise to my executors hereinafter named, in trust, for the following purposes, to receive the rents and profits of

the real estate (if any) and the interest of the personal estate, and to pay and appropriate the same for the support, education and maintenance of my grandchildren, the children of my son D. W. Austin and his wife, Anna B. Austin, during the lifetime of said grandchildren, and upon the decease of said grandchildren, I give, bequeath and device (*sic*) the same to the legal heirs of said grandchildren."

There were living at the time of the death of the testatrix five children of her son D. W. Austin, and the clause was clearly a suspension of the absolute ownership of personal property for more than two lives in being at the death of the testatrix (2 R. S. [9th ed.] 1857, § 1), and was consequently void, and, indeed, this was conceded by the parties on the argument of the appeal.

In the answer to the petition for the probate of the will, presented to the surrogate, it was alleged that the will was "void as a testamentary disposition of said decedent's property;" that the three codicils were "illegal and void" as such disposition, and especially that the 3d codicil was "not valid as such and is illegal and void," so that there was an issue as to the validity of the will and codicils.

Our attention has been called to *Matter of Shrader* (63 Hun, 36), in which the General Term of the fifth department held that where a will relates to both real and personal property and the dispositions of both were inseparably connected, the surrogate had not jurisdiction, under section 2624 of the Code of Civil Procedure, to "make a construction of this will or pass upon the validity of any of its parts." With this decision we cannot agree, as it is in direct conflict with the decision of the Court of Appeals in *Matter of Kellum* (50 N. Y. 298, 300), where the court held as follows:

"The position taken on the argument, that the provisions authorizing this revocation apply only in case the will relates solely to personal property, or be proved solely as a will of personal property, and that they do not apply where it has been proved as a will of both real and personal estate, is not sustained by any sound reason. If such were the true construction of the statute, but few cases could arise in which it would be available. The same instrument ordinarily disposes of both real and personal estate, and possesses a double character. In so far as it relates to personal property, it is

a will of personal property, and all provisions of law relative to that description of will apply to it. If those provisions were applicable only to wills exclusively of personal property, then the sections relative to granting letters testamentary would be inapplicable where the will was proved as a will of real and personal property, for they are to be granted only when a will of personal property is admitted to probate."

These views render it necessary to modify the decree so far as to remit the proceedings to the surrogate to determine the validity of the clause of the will already cited.

All concurred.

Decree of surrogate admitting will to probate affirmed, and proceedings remitted to surrogate to determine the validity of the residuary clause so far as it disposes of personalty, without costs of this appeal to either party.