---

(43 App. Div. 582.)

In re BOGART'S WILL.

(Supreme Court, Appellate Division, Second Department. October 17, 1899.)

1. SURROGATE—POWER TO CONSTRUE WILL.
    A surrogate has power to construe a will disposing of real and personal property together, by directing its conversion into money bequeathed. to different legatees.

2. WILLS—CONSTRUCTION—CREATION OF TRUST.
    That a testator designated the purpose for which a legacy must be used, does not indicate his desire to create a trust.

3. SAME—POWER OF ALIENATION—ILLEGAL SUSPENSION.
    A testator devised the residue of his estate to his sister, and on her death he directed his executors to convert it into money; and the proceeds thereof he bequeathed in three equal bequests. Held, that the bequests did not illegally suspend the power of alienation, as there was an equitable conversion of the testator's property on his death, and the bequests vested at once in the legatees on the testator's death.

4. SAME—BEQUEST TO SCHOOL DISTRICT.
    A direction that a bequest to a school district shall be "used and applied for the benefit of the school of said district, and the promotion of the cause of public education therein," is equivalent to a direction that it be used for the support and benefit of all the common schools therein, within the meaning of Laws 1894, c. 556, authorizing bequests for the support of such schools in a district.

5. SAME—GIFT TO DISTRICT, NOT TRUSTEES.
    By direction of the first article of a will, a bequest was explicitly made to a school district named; and by the third article the testator expressed his will and desire that the care and management of the fund should devolve on three trustees and their successors to be elected for the district by resolution of the inhabitants under existing laws or a special enactment. Held, that the gift was to the district, and not to the three special trustees to be elected.

6. SAME—RIGHT TO TAKE IMMEDIATELY.
    There was nothing to prevent the bequest from taking immediate effect, or the trustees of the district from taking the fund at once.

7. SAME—BEQUEST TO CORPORATION—RIGHT TO TAKE—VALIDITY.

A corporation created by a special act to disburse the income of a fund under their charge for the support of the poor in towns named in the act may, under Laws 1892, c. 687, § 11, as amended by Laws 1895, c. 672, authorizing a corporation to take property by bequest for its purposes, though such power is not specified in the law of its incorporation, take a bequest intended by the donor to be devoted to the same purposes as the fund in its possession.

8. SAME—VALIDITY.

Where a corporation was created by a special act to disburse the income of a fund to support the poor in towns named in the act, and authorized to take bequests intended to be devoted to the same purpose as the fund in its possession, a bequest to it is not invalid because the donor limited the benefit of his gift to one town.

Appeal from surrogate's court, Queens county.

In the matter of the probate of the last will and testament of Elbert H. Bogart, deceased. From a decree admitting the same to probate, Daniel S. Woolley and others appeal. Modified.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Alfred A. Gardner, for appellant trustees of the Jones fund.

Guy C. Frisbie, for appellant school district No. 4, town of North Hempstead.

Henry A. Monfort, for Daniel S. Woolley and others.

John Sabine Smith, for W. W. & Ralph Kirby.

George M. Baker, for respondent Joseph H. Bogart.

WILLARD BARTLETT, J. This proceeding was instituted for the probate of the will of Elbert H. Bogart, deceased, who died in Queens county on August 4, 1897. The instrument is dated February 11, 1884. In the first article the testator nominates two executors, whom he requires to pay his just debts and funeral expenses out of his estate, and to each of whom he bequeaths $500 in addition to their lawful commissions. By the second article he devises and bequeaths to said executors all the rest, residue, and remainder of his estate in trust to collect the rents, issues, and income thereof, and apply the same to the use of his sister Mary Bogart during her life. It may be noted here that the Mary Bogart thus mentioned died before the death of the testator. The second article of the will further provides as follows:

"Upon the death of my said sister, I direct that my said residuary estate devised and bequeathed to my said executors in trust for her benefit as aforesaid shall be sold by them, either at public or private sale, in their discretion, as soon as practicable, and converted into money; and I give and bequeath the whole of the proceeds thereof as follows, viz.: To school district number 4 (four) of the said town of North Hempstead, one equal third part thereof, to be invested in safe and productive securities, and the income to be used and applied for the benefit of the school of said district, and the promotion of the cause of public education therein; to the Reformed Dutch Church of North Hempstead, located at Manhasset, of which the Rev. A. J. Martine is now the pastor, one other equal third part thereof, to be invested in safe and productive securities under the direction of the consistory of said church, and the income thereof to be applied, first, in the payment of the salary of the pastor of said church for the time being, and if such income should prove more than sufficient for that purpose, the remainder of such income, if any, shall be applied to the general uses and purposes of said

60 N.Y.S.—32

church; and to the trustees of the Jones fund for the 'support of the poor' in Queens county, founded by the late Samuel Jones, and to their successors in office, the remaining equal third part thereof, for the support of the poor of the town of North Hempstead, as a permanent fund, to be invested either in real estate for the continued occupation of said poor, to give them light, easy, and healthy employment, and a resting place, or that the same be invested in stocks or bonds and mortgages, and the accruing interest or dividends, if so invested, wholly or in part to be applied annually forever to the relief of the poor of the said town of North Hempstead, upon the plan sanctioned by the legislature of the state of New York in relation to the fund known as the 'Jones Fund,' given by the said Samuel Jones."

In respect to the bequest for the benefit of school district No. 4 of the town of North Hempstead, the third article of the will declares it to be the will and the desire of the testator—

"That the care and management of the fund so bequeathed shall devolve upon more than one person, and that the inhabitants of said school district shall, either under existing laws, or under special enactment by the legislature, resolve to have, and shall elect, three trustees for said district, and that such three trustees, when so elected, and their successors in office, shall take, hold, and manage said fund for the purposes for which I have given the same, as herein above stated."

If this requirement has not been fully complied with by the inhabitants of the school district within two years after the testator's residuary estate shall have been sold and converted into money, the testator, by a further provision in the third article, gives the portion of his property bequeathed to said school district to the Reformed Dutch Church of North Hempstead and the trustees of the Jones fund, in equal shares, for the same uses and purposes as those expressed in the bequests to said legatees in the second article of the will. The will contains other provisions, not material to be here stated. There are two codicils, whereby the testator changed his executors, but effected no alteration in those testamentary provisions of the main instrument which we are called upon to consider in this litigation.

In the preliminary proceedings before the learned surrogate, some of the parties questioned his power to construe the will, but we are clearly of the opinion that he had jurisdiction to do so. In re Austin's Will, 35 App. Div. 278, 55 N. Y. Supp. 52. In the exercise of that jurisdiction, he held (1) that there was no illegality in the devise or bequest to the Reformed Dutch Church of North Hempstead; (2) that the gift to school district No. 4 of the town of North Hempstead was void because its vesting might be delayed by a period of time not measured by lives; and (3) that the bequest to the trustees of the Jones fund was void because such trustees have no legal power to receive it. We concur with the first of those conclusions, but find ourselves unable to agree to either of the others. In stating our own construction of the will, we will consider the three gifts in the order adopted by the surrogate in his opinion.

1. We perceive no difficulty in sustaining the legacy to the church. There is an absolute gift, and the directions attached to it as to the application of the income to the payment of the salary of the pastor in the first place, and then to the general uses and

purposes of the church, cannot fairly be regarded as conditions or qualifications limiting the legacy. The fact that the testator has designated the purpose for which this legacy must be used does not indicate a desire upon his part to create a trust. Bird v. Merklee, 144 N. Y. 544, 39 N. E. 645. The gift was not invalidated by any illegal suspension of the power of alienation; for, as was correctly held by the surrogate, there was an equitable conversion of the property of the testator immediately upon his death, and the gifts to the various legatees vested at once.

2. We think that the bequest to school district No. 4 of the town of North Hempstead is valid. Under section 19, tit. 2, of the consolidated school law, real and personal estate may be devised or bequeathed in trust and in perpetuity, or otherwise, "to any school district or its trustee or trustees for the support and benefit of common schools within such * * * district * * * or for the support and benefit of any particular common school or schools therein." Laws 1894, c. 556. It is contended in behalf of the respondents, however, that the bequest here is neither to the school district nor to the trustees, but that, by virtue of the provisions in the third article of the will, it is a gift to three special trustees to be elected as the custodians of the fund. It is further contended that the trust is not one permitted by law, inasmuch as it is for "the benefit of the school of said district, and the promotion of the cause of public education therein," whereas the statute authorizes such bequests only for the support and benefit of common schools within the district, or of any particular common school or schools therein. Neither of these objections seems to us to be well taken. By the terms of the second article of the will, the bequest is explicitly made to "school district number 4 of the said town of North Hempstead." Nothing is said in that article about the trustees. The direction that the income shall be "used and applied for the benefit of the school of said district, and the promotion of the cause of public education therein," is, in our opinion, equivalent to a direction that it be used for the support and benefit of all the common schools there, and hence is within the letter and spirit of section 19 of the consolidated school law. It is only when we come to the third article of the will that we find the testator expressing his desire that the management of this fund shall devolve upon three trustees, but in the provisions of that article on this subject we find nothing to prevent the gift from taking effect immediately, and can see no reason why the trustees of the school district could not take the fund at once. There is an express finding by the surrogate that there were at the time of the death of the testator three school trustees of said school district. The wish of the testator, as expressed in the third article, is that the inhabitants "shall, either under existing laws, or under special enactment by the legislature, resolve to have, and shall elect, three trustees for said district." As they had so resolved prior to his decease, and as there were three trustees in the district at the time of his death, the precise condition of things which he contemplated as desirable then existed, and no suspension of the gift was effected by those

provisions of the third article, expressing the wish of the testator as to the number of trustees by whom the fund should be managed.

3. We think, also, that the bequest to the Jones fund can be sustained. By an act of the legislature passed in 1838, certain persons named therein were appointed trustees of the Jones fund for the support of the poor in the towns of Oyster Bay and North Hempstead, and provision was made for choosing their successors —three from the town of Oyster Bay, and three from the town of North Hempstead—at the annual town meetings therein. Laws 1838, c. 312. The statute declared that the trustees of the said fund, and their successors, should be capable in law of suing and being sued by the name of "The Trustees of the Jones Fund for the Support of the Poor," and that they should be capable in law "of taking, holding and managing said fund or any part of the same as was by the last will and testament of Samuel Jones, late of the town of Oyster Bay, deceased, devised to the towns of Oyster Bay and North Hempstead for the purposes aforesaid by the said testator." The trustees were also declared to be "capable of purchasing, holding and conveying any real or personal estate for the use and benefit of said fund and carrying the intent of the said testator in creating the same into full effect." There was subsequent legislation in respect to the trustees of the Jones fund in 1866, 1867, 1879, and 1880. That it was the intention of the legislature to make them a corporation, and that it did make them a corporation, is manifest from chapter 244 of the Laws of 1866, where the trustees of the Jones fund for the support of the poor are directed to prepare a full and complete report of their proceedings in erecting certain buildings upon the poor farm in the town of Oyster Bay, including their accounts by items, to be made in duplicate, and verified "by the president or treasurer of said corporation." Under the general corporation law, every corporation, as such, has power, though not specified in the law under which it is incorporated, to "acquire by grant, gift, purchase, devise or bequest, to hold and to dispose of such property as the purposes of the corporation shall require, subject to such limitations as may be prescribed by law." Laws 1892, c. 687, § 11, as amended by Laws 1895, c. 672. The purpose of the trustees of the Jones fund, as a corporation, was the disbursement of the income of the fund under their charge for the support of the poor in the towns of Oyster Bay and North Hempstead. Originally this fund consisted only of property received by the corporation from the estate of Samuel Jones. Subsequently it was increased by a bequest from one Walter R. Jones, as appears by chapter 229 of the Laws of 1880, amending the original act of 1838, under which the trustees were originally appointed. Referring to this second gift, the learned surrogate said that it was deemed essential and necessary that the legislature should pass a special act to enable the trustees to receive that fund. However this may have been at the time, it seems to us that now, under the provision of the general corporation law above quoted, the trustees of the Jones fund may lawfully acquire,

by gift, devise or bequest, any property which the donor is will-
ing to devote to the same purpose as that to which the fund in
their hands is already devoted. "A corporation created for char-
ity, etc.," says Church, C. J., in Wetmore v. Parker, 52 N. Y. 450,
"may take and hold personal property limited by the donor to any
of the corporate uses of the donee." Here it may be said that the
corporate uses of the donee are twofold,—the support of the poor
in the town of Oyster Bay, and the support of the poor in the
town of North Hempstead. The fact that the testator in the case
before us has limited the benefits of his contribution to the fund
to the poor of the town of North Hempstead operates in no man-
ner to invalidate the gift. Indeed, this limitation is indirectly ben-
eficial to the poor of the town of Oyster Bay, because it must oper-
ate to lessen the charge on the existing fund for the support of the
poor of North Hempstead.

In the case already cited, Chief Judge Church adds that:

"A direction of the donor that the principal shall be kept inviolate, and
the income only expended, will not invalidate the gift, provided, of course,
that the same is immediate and vested. The question relates to the capacity
of the corporation, and the law of perpetuity has nothing to do with it."

Holding as we do that the trustees of the Jones fund possess
the requisite corporate capacity to take this gift, it is plain that the
rule against perpetuities cannot apply, and it is unnecessary to con-
sider any objection on that score. As was said by the court of
appeals in Bird v. Merklee, supra:

"Gifts to religious and charitable corporations to aid in carrying out the
purposes for which they are organized, whether by expending the principal
of a bequest, or the income of a bequest to be invested in perpetuity, do not
create a trust in any legal sense, do not offend against the statutes of per-
petuities, and are not to be judged by any of the well-known rules pertaining to
the law of trusts as applied to private individuals."

The decree of the surrogate must be modified in accordance with
the views expressed in this opinion.

Decree of the surrogate's court modified so as to adjudge the will in all
respects valid, with costs to all the parties out of the fund. All concur.