## WELLS v. BETTS.

(Supreme Court, Appellate Division, Third Department. November 21, 1899.)

1. WIFE'S WILL—VALIDITY—HUSBAND'S CAPACITY TO SUE.
    A husband under no legal disability has capacity to sue to set aside his deceased wife's will on account of undue influence, or on account of her violation of a contract to bequeath property to him, under Code Civ. Proc. § 2653a, providing that any person interested, as heir at law, next of kin, or "otherwise," in an estate affected or attempted to be disposed of by a will admitted to probate, or any heir at law or next of kin of a testator, may test the validity or invalidity of the probate.

2. SAME—LIMITATIONS.
    Under Code Civ. Proc. § 2653a, providing that a person interested in an estate or a "will admitted to probate within two years prior to the pas-sage of said section" may sue to test the validity of the same, and that the action brought as provided by said section shall be commenced within two years after the will's probate, such limitation applies to all wills pro-bated after the passage of the act.

3. SAME—PLEADING—DEMURRER—DUPLICITY.
    The fact that two causes of action are improperly united in a complaint is unavailable unless objection thereto is raised by demurrer.

Appeal from trial term, St. Lawrence county.

Action by John I. Wells against Anna R. Betts to set aside a will. From a judgment dismissing the complaint, plaintiff appeals. Re-versed.

Appeal from a judgment dismissing the complaint, directed by the court up-on the motion of the defendant, made upon the complaint, upon the grounds (1) that the plaintiff had not capacity to sue, under section 2653a of the Code of Civil Procedure; (2) that there are improperly united in the complaint two causes of action,—one, apparently under section 2653a of the Code, to set aside the probate of a will, and the other for a breach of mutual agreements to make wills, for which no relief could be granted in this action. The court granted the motion. The complaint alleges: That the plaintiff, John I. Wells, in the year 1844 married Huldah G. Wells. The defendant is the sole sur-viving child of said marriage. That the plaintiff and the said Huldah G. Wells lived together on a small farm of about 100 acres until the time of her death, at Madrid, St. Lawrence county, N. Y. That the title to about 40 acres of said farm was in the wife, Huldah G. Wells. That the dwelling house, barns, and other farm buildings were situate on said 40 acres, and that the re-maining portion of said farm belonged to the plaintiff. That at the time of the commencement of the action the plaintiff was in possession of the farm, in-cluding the part belonging to his wife. That in 1887 the plaintiff and Huldah G. Wells entered into an agreement to make reciprocal cross wills, each be-queathing and devising to the survivor the use, occupation, and possession of his portion of said farm or premises for and during the lifetime of the sur-vivor. That, pursuant to such agreement, plaintiff duly made and executed his last will and testament, devising and bequeathing unto Huldah G. Wells during the period of her natural life the full and free use, occupation, posses-sion, and enjoyment of the premises owned by him; and at the same time

the said Huldah G. Wells duly made and executed her will and testament, by the terms of which she devised and bequeathed unto this plaintiff, during the period of his natural life, the full and free use, occupation, possession, and enjoyment of the premises which she owned, to wit, the said 40 acres. That said reciprocal wills were in existence at the time of the death of the wife, Huldah G. Wells. That at the time of her death she was the owner of the said 40 acres. That on or about the 6th day of September, 1894, the said Huldah G. Wells made another will, by which she devised or attempted to devise unto the defendant, Anna R. Betts, the said 40 acres. That at the time of the execution of said alleged will, to wit, on the 6th day of September, 1894, the said Huldah G. Wells had become feeble in mind and body, and of unsound mind and memory, and incompetent to make a valid will, and that the defendant, Anna R. Betts, caused and procured said Huldah G. Wells to make and execute the said instrument by undue influence. That the said Huldah G. Wells died June 16, 1896, and the said will, which was executed on the 6th of September, 1894, was offered for probate in the surrogate's court of St. Lawrence county, and was thereafter, on the 14th day of February, 1898, admitted to probate by the said surrogate. That the said instrument so admitted to probate was not the last will and testament of the said Huldah G. Wells. That the said Huldah G. Wells was incompetent to make a last will and testament at that time, and that the same was not her free act and deed, and that she was not at that time of sound mind and memory. And the plaintiff demands judgment that the probate of said will be declared invalid, and that said instrument be declared invalid.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Thomas Spratt and Geo. E. Van Kennen, for appellant.
Fred J. Merriman and John C. Keeler, for respondent.

LANDON, J. The plaintiff has a capacity to sue, since he rests under no legal disability. The question intended to be raised by the allegation of his incapacity is whether he is embraced within either class of persons to whom section 2653a of the Code of Civil Procedure gives the particular remedy therein provided. This question we proceed to consider, since, if the remedy is not given to him, the complaint was properly dismissed. The section, as first enacted, in 1892, provided that:

"Any person interested in a will or codicil admitted to probate in this state, as provided by the Code of Civil Procedure, may cause the validity of the probate thereof to be determined in an action in the supreme court."

In Lewis v. Cook, 150 N. Y. 163, 44 N. E. 778, it was held that the action could only be brought by a person interested in maintaining the will, and not by one claiming in hostility to it. This construction undoubtedly led to the amendment of the section in 1897, enumerating three classes of parties who could bring the action, as follows:

"(1) Any person interested as devisee, legatee or otherwise in a will or codicil, admitted to probate in this state, as provided by the Code of Civil Procedure; (2) or, any person interested as heir-at-law, next of kin or otherwise in any estate, any portion of which is disposed of or affected, or any portion of which is attempted to be disposed of, or affected by a will or codicil admitted to probate in this state, as provided by the Code of Civil Procedure, within two years prior to the passage of this act; (3) or, any heir-at-law or next of kin of the testator making such will, may cause the validity, or invalidity of the probate thereof to be determined in an action in the supreme court." Laws 1897, c. 701.

Under the facts alleged in the complaint, the plaintiff in this action was the husband of the testatrix at the time of her death, and tenant by the curtesy in her real estate, in case the testatrix had made no valid disposition of it. Hatfield v. Sneden, 54 N. Y. 280. If this will is invalid, then he claims as devisee under her former will, executed, mutually and reciprocally with a will made by himself, in his favor. He thus alleges an interest, "otherwise" than as heir at law or next of kin of the testatrix, in the estate which the testatrix attempted to dispose of or affect by the will in question. Thus, the case differs from Ocobock v. Eeles, 37 App. Div. 114, 55 N. Y. Supp. 1118. The plaintiff is a person embraced in the second paragraph of the amended section above quoted, and comes within a class not embraced in the original section. He asks to have the invalidity of the probate of the will determined. The original section provided only for the determination of the validity of the probate. We must give the effect to the word "invalidity," which the legislature intended; and as the amendment followed shortly after the declaration of the law in Lewis v. Cook, supra, we cannot doubt that the word was added to change the law, and to embrace actions by the designated persons in hostility to the probate of the will. It is true that the second paragraph of the amended section speaks of wills admitted to probate "within two years prior to the passage of this act" (May 22, 1897), and this will was admitted to probate February 14, 1898. A literal reading might restrict the remedial provision in behalf of persons interested in the estate disposed of by the will, or attempted to be disposed of, to such wills and codicils as were admitted to probate during the two years prior to May 22, 1897; but such a narrow construction would, no doubt, impute to the legislature an intention contrary to the fact. That intent, doubtless, was to give the act a retroactive effect for the two years prior to its passage. The final paragraph of the section provides that "the action brought as herein provided shall be commenced within two years after the will or codicil has been admitted to probate." The limitation of two years certainly extends to wills admitted to probate after the passage of the act, and there seems to be no doubt that the limitation was intended to apply in like manner to wills admitted to probate before its passage.

The learned trial judge seemed to think that inasmuch as the complaint alleged an agreement between the plaintiff and his wife for the execution of mutual wills, each in favor of the survivor, which they executed, and as the plaintiff relied upon it until after the death of his wife, and is still in possession of the premises, the agreement was valid, and therefore this action is not really brought to establish the invalidity of the probate of the later will, but, rather, to establish or quiet his title under the former will of his wife. It may be that the plaintiff has improperly united two causes of action, but that objection should have been taken by demurrer. Now it may be much easier for the plaintiff to establish the invalidity of the probate of this will, by which the wife attempted to revoke her former will, and to dispose of her real estate to the prejudice of the plaintiff, than it is for him, in the face of such probate, to establish

such facts as will show that his wife's former will is in the nature of an executed, irrevocable contract. If he shall establish the invalidity of the later will, even if he should fail to establish the earlier one, his estate as tenant by the curtesy would be confirmed. We think he has the right, under the complaint, in the absence of a demurrer, to pursue the remedies he seeks.

The judgment should be reversed; new trial granted; costs to abide the event. All concur, except PUTNAM, J., not voting.