### In re BRAND.

(Supreme Court, Appellate Division, Second Department. January 17, 1902.)

WILLS—ATTESTATION—SIGNING—ANNEXED SCHEDULE.

Where the body of a will referred to a schedule attached thereto, and the body of the will was signed and attested at the end, and the schedule was attached, and referred to the will, and it was also signed and attested, the will was within the statutory requirement that wills be signed at the end thereof.

Appeal from surrogate's court, Kings county.

In the matter of the probate of the will of Harriette W. Brand, deceased. From a decree admitting the will to probate, Mary A. Dall appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Paul Eugene Jones, for appellant.
Hieronimus A. Herold, for respondent.

WOODWARD, J. Under the provisions of section 2653a of the Code of Civil Procedure the appellant has all of the relief which could be granted upon this appeal, for it cannot be seriously urged that the evidence before the surrogate was such as to present merely questions of law, and we have previously called the attention of litigants to the practice which should prevail under the circumstances here presented. In re Austin's Will, 35 App. Div. 278, 55 N. Y. Supp. 52; Reid v. Curtin (Sup.) 64 N. Y. Supp. 833; Wells v. Betts (Sup.) 61 N. Y. Supp. 231. Upon the merits we are unable to discover any reason for interfering with the disposition of the matter made by the learned surrogate. The evidence does not show either that the testatrix was not of a sound disposing mind, or that the will was the result of undue influence. See In re Hedges' Will, 57 App. Div. 48, 52, 53, 67 N. Y. Supp. 1028, which is very similar in its facts and in the contentions of the parties. The will, which is alleged to have been made to supersede one made some years previous, makes the same distribution of the property which was made in the former will, so far as we are able to gather the facts from the oral testimony, the original will not appearing in the record, with the exceptions of some minor items of personal property; and the beneficiaries are all the children or immediate descendants of the testatrix. The principal changes in the will offered for probate, so far as we are able to discover from the testimony as to what was to be found in the former will, consist in substituting the testatrix's son as an executor in place of one of her grandsons, in a provision for the son's wife in the event of her husband dying before the testatrix, and in a new arrangement in reference to a trust for certain property; and these changes are all accounted for by changes in circumstances after the execution of the original will. The will which has been offered for probate seems to make a fair and just distribution of the property among those who have a natural right to expect it, and the contest appears to be captious, rather than one involving substantial rights.

Assuming that the question is properly before us, we are of opinion that the will was executed with due formality, and that it complies with the provisions of the statute which require that it shall be signed at the end thereof. The will, after the formalities, makes recitals, and a devise to one of her sons, and then continues:

"In the greater part of my property I have but a life interest. That portion will therefore go to my children, or their heirs, according to the provisions of their father's will. As the losses for several years past by lawsuits, fire, and depreciation have greatly reduced my income and assets, this new will is necessary, and I do hereby direct my executors herein named to divide whatever property and estate that I· have the power to control, bequeath, and devise, and to which I may have claim, be the same real, personal, or mixed, excepting such articles or bequests as may be devised or bequeathed in other items of this, my will, and in a list marked 'Schedule A,' containing some special bequests, which· schedule is made part of my will, into seven equal parts or shares," etc.

Attached to the will is the list of special bequests, which is designated as " 'Schedule A,' mentioned in and a part of my will, containing some especial bequests," and this additional paper is signed and attested by the same persons who sign and attest the will, with the same formalities, and it is recited that "she acknowledged that it was Schedule A referred to in the foregoing will," etc. Strictly as the courts have insisted upon the statutory rule, we know of no· case in which it has been held that a paper, such as is here involved, may not be made a part of the last will and testament of a deceased person, or that it may invalidate a will otherwise free from objection. See In re Whitney's Will, 153 N. Y. 259, 264, 47 N. E. 272, 60 Am. St. Rep. 616. It is signed and attested in the same manner and at the same time as the will, and by the same witnesses, and each refer to the other in unmistakable terms, and the attestation clause recites that it is the same schedule which is referred to in the will. Even if this schedule be deemed to be the end of the will, it is fully executed and attested; and the fact that the attestation clause declares that "the above-named testatrix, Harriette W. Brand, signed and sealed this instrument, and published and declared the same to be her writing," does not make it any the less her will, because it is added, "and in the presence of us she acknowledged that it was Schedule A referred to in the foregoing will," thus making this the expression of her will. This writing, being inseparably connected with the previous clauses of the will, was her will, and it was signed and attested, as the evidence shows, simultaneously with the publication of the main body of the will. Thus, whether we are to read the schedule into the will where it is referred to, or make it the ending of the will, there is a substantial compliance with the statute, which seems, on reason and authority, to be sufficient. In re Hunt's Will, 110 N. Y. 278, 18 N. E. ·106; In re Beckett's Will, 103 N. Y. 167, 8 N. E. 506; In re Turell's Will, 166 N. Y. 330, 337, 59 N. E. 910. If the testatrix has signed this will twice, and has caused it to be attested twice, she has certainly complied with the law. It is signed and attested at the close of the will, in which the schedule is referred to and made a part of the same, and then it is signed and attested at the end of the schedule, which refers to and is declared to be a part of the foregoing will;

so that in either event there is a valid execution of the will of the testatrix in the manner prescribed by law, and it should be probated.

The decree of the surrogate should be affirmed, with costs. All concur; BARTLETT, J., in result.