GEORGE F. BUTTERWORTH and HENRY J. STORRS, as Executors of and Trustees under the Last Will and Testament of COR-NELIA STORRS, Deceased, Respondents, *v.* CHARLES E. KEELER and Others, Defendants, Impleaded with WILLIAM H. KEELER and Others, Appellants, and the ATTORNEY-GEN-ERAL OF THE STATE OF NEW YORK, Respondent.

(*Supreme Court, Appellate Division, First Department, July 9, 1915.*)

TRUST—CHARITABLE GIFT FOR BENEFIT OF PUBLIC—VALIDITY UNDER SECTION 12 OF PERSONAL PROPERTY LAW.

A gift by a decedent of one-half of her residuary estate to her executors, "in trust, nevertheless, to be used and devoted by them to the establishment of a school for girls in the town of North Salem," is valid as a charitable gift for the benefit of the public under section 12 of the Personal Property Law, where it appears that the decedent, a woman of charitable impulses, and leaving no children or descendants, had long been a resident of said town, which was inhabited by people of small means and in which the facilities for public education were meagre.

APPEAL by the defendants, William H. Keeler and others, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 20th day of January, 1915, upon the decision of a referee appointed to hear and determine.

Culver & Whittlesey, Samuel A. Davis, Clayton Ryder, Reuben L. Haskell and Horatio C. King (Chesleigh H. Briscoe of counsel), for the appellants.

Henry W. Taft (Francis Smyth and Thomas B. Gilchrist of counsel), for the plaintiffs, respondents.

Egburt E. Woodbury, Attorney-General (Robert P. Beyer, Deputy Attorney-General, of counsel), respondent in person.

Judgment affirmed, with costs, on the opinion of the referee.

Present — INGRAHAM, P. J., CLARKE, SCOTT, DOWLING and HOTCHKISS, JJ.

The following is the opinion of the referee:

EDWARD E. SPRAGUE, Referee.— The decedent by her will gave one-half of her residuary estate to her executors, " in trust, nevertheless, to be used and devoted by them to the establishment of a school for girls in the town of North Salem." The amount of this gift appears to be approximately $75,000. The only serious question in the case is concerned with the validity of this gift.

The gift is undoubtedly invalid unless governed by section 12 of the Personal Property Law,* which provides that " no gift, grant, or bequest to religious, educational, charitable, or benevolent uses, which shall in other respects be valid under the laws of this State, shall be deemed invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same." The inquiry here must be whether this is a gift to " religious, educational, charitable, or benevolent uses."

The language of the statute above cited has been considered by the Court of Appeals in five distinct cases within the past six years. (Matter of Shattuck, 193 N. Y. 446; Manley v. Fiske, 139 App. Div. 665; affd. without opinion, 201 N. Y. 546; Matter of Robinson, 203 id. 380; Starr v. Selleck, 145 App. Div. 869; affd. without opinion, 205 N. Y. 545; Matter of Cunningham, 206 id. 601.) In all these cases, except Matter of Shattuck, the testamentary disposition was held valid.

In the Shattuck case the gift was to the executor, " in trust,

---

* Consol. Laws, chap. 41 (Laws of 1909, chap. 45), § 12, subd. 1.—[REP.

however, the rents, profits and income thereof to be expended by him annually and to be paid over to religious, educational or eleemosynary institutions as in his judgment shall seem advisable." The court construing chapter 701 of the Laws of 1893 (now section 12 of the Personal Property Law) held that the intention of the Legislature in passing the act of 1893 was to save to the public, charitable gifts made in trust to uncertain and indefinite beneficiaries; that gifts for the benefit of private institutions or individuals were not intended to be included within its provisions; that to constitute a charity the use must be public in its nature; that an educational institution is not necessarily a public or charitable institution; and that under the will of the testatrix the trustee could lawfully make a disposition of the proceeds of the trust fund which would be in whole or in part private and individual and not public and charitable. For these reasons the gift in the Shattuck case was held invalid.

Applying this line of reasoning to the present case, it appears at once that these trustees have no discretion in selecting the object of the testatrix's bounty. The bequest is "to be used and devoted by them to the establishment of a school for girls in the town of North Salem." The sole question here is whether this is a charitable gift for the benefit of the public.

Mrs. Storrs, the testatrix, was a woman somewhat advanced in years, a widow having no children or descendants. She had been long a resident of North Salem, owning several pieces of real estate in the town. Her neighbors were mainly persons of narrow means, belonging to the wage-earning class. The facilities for public education were meagre. Mrs. Storrs was a woman of charitable impulses. In the fifth clause of her will she provides for a small contribution towards the building of a Roman Catholic church, and she gives one-half of her residuary estate to the New York Skin and Cancer Hospital. I see no escape from the conclusion that this proposed school for girls

was intended as a charity.  The words of Judge CHASE in Matter of Robinson (203 N. Y. 380, 388) are peculiarly appropriate.  " It is doubtless true that the paragraph of the will by which the trust is attempted to be created is susceptible of more than one construction, but a construction which is fairly within the rules of law and that sustains the trust and devotes the fund included therein to purposes permitted by law and to the good of humanity should be preferred."

Counsel for defendants contend that it would be competent for the trustees under Mrs. Storrs' will to conduct a private school for profit.  But she makes no disposition of any such possible profit.  It is argued by one of the counsel that the trustees might lawfully apply the profit to their own use.  But it is hardly conceivable that Mrs. Storrs should have desired or expected that a New York lawyer and a business man residing in New Jersey and doing business in New York should establish a girls' school in a small town in Westchester county for their own personal profit, and it is quite clear that the profit would not belong to them, if they made any.  As I read the will, the only rational construction is that this was a charitable gift.  If so, then it was a gift for public charity, the beneficiaries being the girls of the town of North Salem.

It is further objected that the will is not sufficiently definite in prescribing the kind of school to be established, whether elementary or advanced, general, special or technical, sectarian or non-sectarian.  But these are details which the testatrix intrusted to the discretion of her trustees as she had the right to do.

A very acute and exhaustive analysis of the New York law of charity will be found in the case of Utica Trust & Deposit Co. v. Thomson (87 Misc. Rep. 31).  While the facts in that case do not closely resemble those now under consideration, I have found Mr. Justice EMERSON's reasoning and conclusions of great assistance.  I have not regarded the case of Attorney-

General v. Soule (28 Mich. 153) as a controlling authority. It is cited by Judge Chase in his opinion in the Shattuck case, but was quite unnecessary to that decision and is much more stringent in its limitations upon charitable bequests. I am of the opinion that it does not state correctly the law of our State upon this subject.

The complaint also questions the validity of clause " Fifthly " of the will, whereby certain real and personal property is given to James W. Christopher, " in trust, nevertheless, for the purpose of building a Catholic Church; the same to be held by the said James W. Christopher for the period of three years, and if no action is taken during said period toward building a church, then * * * to the said James W. Christopher absolutely." The value of this gift is only about $550. If I am correct in sustaining the residuary clause, the only parties interested in avoiding this gift are the New York Skin and Cancer Hospital, and the People of the State representing the school trust, but neither of these parties has challenged the validity of this clause, either by way of answer or of argument or of request for findings. Plaintiffs' counsel contend in their brief that the gift is valid on the ground that since the statute above cited charitable bequests are no longer subject to the rule which prohibits the suspension of the power of alienation for a term of years. With some hesitation I accept this conclusion and hold the disposition valid. The court should not be astute to award to parties property which they do not claim.

It appeared upon the trial that plaintiffs desire to be relieved from responsibility as trustees of the school fund and have arranged with the Attorney-General that the fund shall be paid over to the supervisor of the town of North Salem and the district superintendent of schools of the supervisory district in which said town is located, pursuant to article 19 of the Edu-

cation Law,* and I am requested to order judgment accordingly. I do not question the wisdom and propriety; of this course, but I find nothing in the order of reference authorizing me to deal with the subject. It is not referred to in the pleadings, and my jurisdiction as referee is limited to the determination of the issues in the action.

---

* Consol. Laws, chap. 16 (Laws of 1910, chap. 140), art. 19.—[REP.