In the Matter of the Probate and Construction of the Last Will and Testament of RUFUS SAYRE, Deceased.

EDWARD C. SAYRE and Others, Appellants; UNION FREE SCHOOL DISTRICT OF THE VILLAGE OF SOUTHAMPTON, Respondent.

Second Department, July 31, 1917.

Will — validity of express trust for benefit of school district — payment of annuities — when incidental surplus does not create an illegal accumulation — right of testator to select trustees of fund given for benefit of school district — costs in proceeding for probate and construction of will.

Where a testator directs his executor to convert all of his estate into money and gives the proceeds to a union free school district to be used for the payment of teachers' wages forever, and then directs the trustee to pay for the benefit of the district to the treasurer " or the officer performing the duties of that office " in each year a sum to be fixed by the board of education not to exceed $1,500, and further provides that it is not his intention to lessen the burden of taxation but that the teachers shall be the best obtainable and that the surplus moneys raised by taxation and which would have been required for teachers' wages shall be expended for buildings, apparatus and betterments, and it appears that the trust fund will not, at the usual rate of interest on investments, produce an income in excess of the amount to be paid annually, the trust is valid and the testator's intentions should be carried out.

Under the provisions of the statutes authorizing the creation of express trusts to receive the rents and profits of land and apply them to the use of any person, a trust may be created for the payment of annuities.

An incidental surplus of income over and above the amount of the annuity does not destroy the trust by creating an illegal accumulation. It goes to the person entitled to the next eventual estate and, if there be no such person, it goes to the next of kin.

A trust in perpetuity may be created under the provisions of the Education Law for the support and benefit of any particular common school in a

school district and a trust to pay salaries of teachers is within the intent
of the statute.

Although the trustees of a school district have capacity under the Education
Law to take a bequest, a testator may vest the fund in trustees of his
own choice so that the disposition of his gift may be made according to
his wishes.

Section 2746 of the Code of Civil Procedure does not prevent the awarding
of costs to all parties in a proceeding for the probate and also for the
construction of a will.

APPEAL by Edward C. Sayre and others from a decree of
the Surrogate's Court of the county of Suffolk, entered in
the office of said Surrogate's Court on the 6th day of November,
1916, admitting to probate and construing the will herein.

The will in substance directs the executor to convert all
testator's estate, real and personal, into money; it gives the
proceeds to the union free school district of Southampton,
to be used by the board of education of said district, or
officers performing like functions, for the payment of teachers'
wages forever, " to be controlled, invested and paid over for
the benefit of said district by trustees in the manner and
under the conditions hereinafter provided and set forth;"
it appoints the appellant Harri M. Howell the first trustee
and provides for substituted trustees on his decease.

The will then directs the trustee to pay for the benefit of
the district, to the treasurer " or the officer performing the
duties of that officer," in each year a sum to be fixed by the
board of education not to exceed $1,500 in any one school
year, and to deduct from that amount any school taxes
assessed against the fund. It provides that it is not the
testator's intention to lessen the burden of taxation, but that
the teachers shall be the best obtainable, and that the surplus
moneys raised by taxation, and which would have been
required for teachers' wages but for the bequest, shall be
expended for buildings, apparatus and betterments. The
testator then provided a method of securing such results,
by requiring the trustee to withhold further payment until
satisfied that an amount equivalent to the payment under the
will had been expended in buildings, apparatus and
betterments.

The surrogate construed these provisions as constituting
an absolute gift direct to the union free school district No.

6 of the town of Southampton. He decreed that the executor sell the land and turn the funds over to the trustees of said district, from which the executor and next of kin appeal.

*Peter J. Brancato*, for the appellant Edward C. Sayre.

*Harri M. Howell*, executor, appellant, in person.

*Timothy M. Griffing*, for the respondent.

BLACKMAR, J.:

The decision made by the surrogate nullifies the elaborate scheme of the testator to control and direct the disposition of the fund. The testator intended that the bequest should not be used to relieve the taxpayers, but should supplement the amount of taxes raised. To that end he vested the estate in trustees of his own choice, with directions that an amount not exceeding $1,500 be annually paid over to the treasurer of the district, or other officer performing the duties of said officer, to be used in the payment of teachers' salaries, on condition that an equivalent amount is expended during the year on buildings, apparatus and betterments. We know of no reason why the will of the testator should not be carried out.

Under the provisions of the statutes authorizing the creation of express trusts to receive the rents and profits of land and apply them to the use of any person, a trust may be created for the payment of annuities. (Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 96; *Cochrane* v. *Schell*, 140 N. Y. 516.) An incidental surplus of income over and above the amount of the annuity does not destroy the trust by creating an illegal accumulation. It goes to the person entitled to the next eventual estate. (*Cochrane* v. *Schell*, *supra;* Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 63.) If there be no such person, the surplus goes to the next of kin. (*St. John* v. *Andrews Institute*, 191 N. Y. 254.) It may be that if the annuity were such a small portion of the income that the scheme appeared to be a mere cover for accumulations contrary to the statute, the provision would be void. Such is not the case. The evidence shows that the trust fund will not, at the usual rate of interest on investments open to trustees, produce an income of $1,500 a year.

The trust is not limited on lives; but it is not for that reason. void. A trust in perpetuity may be created for the support and benefit of any particular common school in a school district (Education Law [Consol. Laws, chap. 16; Laws of 1910, chap. 140], § 520), and a trust to pay salaries of teachers is within the purview of the statute. The statute provides that property may be bequeathed and given in trust and in perpetuity or otherwise to " any school district or its trustees," etc. A school district is not a corporation capable of receiving a bequest; but one may be given to trustees for the benefit of schools within the district, and that is what the testator did. The trustees of the school district are a body corporate. (Education Law, § 270.) Under the statute they have capacity to take a bequest; but we know of no reason why the testator could not vest the fund in trustees of his own choice, so that the disposition of his bounty should be made exactly as he wished. This is what he did. The purpose of the trust is authorized by law; the term is not illegal; there is no direction for an illegal accumulation; the directions to the trustees are so definite that they are capable of being enforced; and we know of no reason why the testator's intentions should not be carried out. We think the decision consistent with decided cases. (*Matter of Bogart*, 43 App. Div. 582; *Iseman* v. *Myres*, 26 Hun, 651; *Butterworth* v. *Keeler*, 169 App. Div. 136.)

The executor also appeals from the allowance of costs to all parties, on the ground that section 2746 of the Code of Civil Procedure forbids awarding costs to an unsuccessful contestant to the probate of a will. This case, however, is not purely a will contest, but in part a suit to construe a will. In such cases there is no impropriety in awarding costs to all parties.

The decree of the Surrogate's Court of Suffolk county is modified by striking out the following provision:

" Further ordered, adjudged and decreed that it was the intent of said testator to dispose of his residuary estate to Union Free School District No. 6 of the Town of Southampton, to be held for the purpose of investing the same and using the income for the benefit of the Union Free School District No. 6 of the Town of Southampton; that there is no indefinite-

ness or uncertainty about the beneficiaries, and the legal title to said residuary estate is expressly vested in said School District by the terms of the will.

" That the will makes a lawful disposition of the residuary estate to said Union Free School District No. 6 of the Town of Southampton.

" That the executor of said will should sell the real estate as directed in said instrument, and the funds should be turned over by said executor to the trustees for said School District."

In place thereof the following is inserted:

Further ordered that the will makes a lawful disposition of the estate of the testator in all respects according to its terms.

And as modified the said decree is affirmed, without costs.

JENKS, P. J., STAPLETON, RICH and PUTNAM, JJ., concurred.

Decree of the Surrogate's Court of Suffolk county modified in accordance with opinion, and as so modified affirmed, without costs. Order to be settled before BLACKMAR, J.