(100 App. Div. 366)

PRINGLE v. BURROUGHS et al.

(Supreme Court, Appellate Division, First Department. January 13, 1905.)

1. WILL CONTEST—WITNESS—COMPETENCY—STATUTE—CONSTRUCTION.

   Where the interest of the plaintiff in a will contest consists in the procurement of a larger legacy under a former will if the contested will is annulled, it is sufficient to disqualify her as a witness, under Code Civ. Proc. § 829.

2. SAME—EVIDENCE—MENTAL CAPACITY OF TESTATOR'S RELATIVES—ADMISSIBILITY.

   In a will contest, where the mental capacity of the testator himself to make a will is not attacked, proof of the existence of insanity in the membership of testator's family is inadmissible.

3. SAME.

   In a will contest, proof of mere feebleness of health of testator, produced by disease, is not a sufficient basis on which to admit evidence of the mental condition of his relatives.

Appeal from Trial Term, New York County.

Action by Eliza Pringle against Fannie L. Burroughs, individually and as executrix of the will of Joseph Hamilton Bryan, deceased, and others. From a judgment determining the validity of testator's will, and an order denying plaintiff's motion for a new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Lewis E. Carr, for appellant.
William W. Buckley, for respondents.

HATCH, J. This action was brought, under section 2653a of the Code of Civil Procedure, to determine the validity of the will of Joseph Hamilton Bryan, deceased, previously admitted to probate by the Surrogate's Court of the county of New York on the 6th day of December, 1899. The complaint avers that the plaintiff is interested in the estate, inasmuch as she is a legatee under a former will, which was duly executed by the deceased. It further averred, and the plaintiff sought to prove upon the trial, that the paper which had been admitted to probate as the last will and testament of the deceased was not his free act, but had been procured through the undue influence of the defendant Fannie Louise Burroughs, who is the principal beneficiary thereunder. The case has been before this court on a former appeal from a judgment entered upon a verdict directed by the court. 74 N. Y. Supp. 1055. There has been no change in the pleadings since the former trial,

nor has the evidence been changed in any essential respect upon the new trial which has been had. This court reversed the judgment upon the former appeal upon the ground that error was committed in excluding the testimony of a physician who attended the testator during his last illness. It appeared that the heirs at law and next of kin gave an express waiver of the prohibition contained in section 836 of the Code of Civil Procedure, and, based upon such waiver, this court held the evidence to be competent. The testimony of the physician upon the present trial was received, but he stated that, in his opinion, the deceased was competent to make a will.

As the testimony of the physician related to the mental condition of the deceased, it cannot be said that his testimony in any wise strengthens the plaintiff's case. On the contrary, it would seem to have weakened it. Upon the former appeal, Mr. Justice O'Brien, writing for the court, said:

"Were it not for a ruling upon evidence, we should have no hesitation in affirming this judgment, for the inferences most favorable to plaintiff were insufficient to warrant any finding by the jury that the will of Joseph H. Bryan was not valid, or that its execution was not his 'free, unconstrained, and voluntary act.'"

This conclusion was sanctioned by an undivided court. As the evidence is no stronger upon the present trial than before, there is no reason for any change of conclusion in this respect.

It is insisted, however, that error was committed by the learned trial court in striking out the deposition of the plaintiff in the action. Her testimony had been taken in her behalf by deposition, and it was read in evidence by the plaintiff's counsel, over the objection of the defendant that she was an incompetent witness, under the provisions of section 829 of the Code of Civil Procedure. Before the close of the trial the court reached the conclusion that the testimony was incompetent, and struck it from the record. When the ruling was made, counsel for the plaintiff did not seriously question but that the plaintiff was an interested party to the action, and, being so interested, testimony in her behalf was not competent. If she were not so interested, it is somewhat difficult to see upon what theory she had standing to maintain the action. Aside from this question, however, counsel insisted that, even though she was a party in interest, within the meaning of the Code provision, yet that her testimony was competent on behalf of the sisters of the testator, who were parties defendant to the action, and that it was entitled to be received in evidence upon their behalf. While they are made parties defendant, yet, by the several answers interposed through a guardian ad litem, they (being incompetent) present the same issue, and the same relief is asked for in their behalf as is asked in the complaint in the action; and they are alike interested with the plaintiff in a former will made by the testator, under which they take a larger share, and which will, as is averred in the complaint, is the only valid existing will of the deceased. The question which presents itself, therefore, in respect

of this ruling, is not alone whether the plaintiff could testify in her own behalf, but also whether she could testify in behalf of the defendant sisters, assuming that she could not in her own. However inconsistent it may seem, the argument of the plaintiff's counsel now proceeds upon the theory that the plaintiff is without interest in the event of the action, and therefore that she was entitled to have the deposition read in her own behalf. It is not necessary that we discuss this question at length, because this court is concluded by express adjudication upon such subject. In Fox v. Lennon, 91 N. Y. Supp. 1094, the precise question was presented. Therein the plaintiff in the action sought to set aside the probate of a will, averring as her only interest in the estate the existence of a former will, under which the plaintiff was made a legatee. A demurrer was interposed to the complaint, based upon the ground that the complaint did not state facts sufficient to constitute a cause of action, and the argument in support of the demurrer proceeded upon the theory that the plaintiff was not possessed of such an interest as would enable her to maintain an action brought to set aside the later will, which had been probated. The court at Special Term overruled the demurrer; holding that the plaintiff was interested in the estate of the testator, within the provisions of sections 2653a and 2514 of the Code of Civil Procedure. Upon appeal this court affirmed the judgment, without opinion. The case is therefore a direct authority upon the subject. The Supreme Court in the Third Department has also decided to the same effect. Wells v. Betts, 45 App. Div. 115, 61 N. Y. Supp. 231.

It being established that the plaintiff is a party in interest, she falls squarely within the prohibition contained in section 829 of the Code of Civil Procedure. Holcomb v. Holcomb, 95 N. Y. 316; Matter of Eysaman, 113 N. Y. 62, 20 N. E. 613, 3 L. R. A. 599; Matter of Dunham, 121 N. Y. 575, 24 N. E. 932. The ruling was therefore proper, so far as the plaintiff's rights are concerned.

It is claimed, however, that, if this be so, still the testimony was competent in favor of the sisters. It is apparent that she could not testify upon any subject connected with the issue presented by the pleading, without she testified in her own interest, even though at the same time she testified in the interest of other persons, parties to the action. That the ruling was correct in this respect is also settled by decisive authority. In Squier v. Greene, 38 App. Div. 431, 56 N. Y. Supp. 551, it was said by Mr. Justice Cullen, in discussing a similar question:

"By the section [829] he is excluded not only from being a witness in his own behalf, but from being a witness in his own interest, even though he is not a party to the action at all, or, if a party, is called to give evidence on behalf of some other party whose interests are the same as his."

A like doctrine has been announced in Church v. Howard, 79 N. Y. 415; Hadsall v. Scott, 26 Hun, 617; Lawton v. Sayles, 40 Hun, 252; Hill v. Hotchkin, 23 Hun, 414. In the latter case the court, in commenting upon Church v. Howard, supra, said:

"Were we at liberty to treat the question as an open one, we would incline to the point that the real inquiry was not whether the witness was

interested in the event, but whether his testimony was offered or could be used in his own interest or behalf."

The later decisions seem to have regarded this suggestion as furnishing a sound rule upon which to rest the reason for the exclusion. But whether this be the ground upon which to place it, or not, is not presently of consequence. It is clear, beyond dispute, that the two sisters are equally interested in the action with the plaintiff. They take common ground and make a common attack upon this will, and each alike claims an interest in the prior will, which, if this be set aside, it is contended, will become operative. So that, whatever view be taken of the question, it remains a fact that plaintiff's testimony cannot be used without having it inure to her benefit, and under such circumstances she is clearly regarded as coming within the prohibition of section 829. No error, therefore, was committed in the ruling of the learned court below upon such question.

It appeared in the evidence that the two sisters of the testator were hopelessly insane, had been in such condition for a number of years, and are confined in the Bloomingdale Asylum as incurable lunatics. There was testimony tending to show that the testator was physically feeble. No testimony, however, was offered to show that he was insane, or that his feebleness was the product of insanity in any form. Upon the trial, Dr. Fanning, a husband of a sister of the testator, was called as a witness. He testified that his wife died in June, 1878. He also testified as to the condition of the sisters. He was asked if he observed any manifestations of mental trouble with his wife before she died. This was objected to and excluded. The doctor also attended the mother of the testator as a physician during her lifetime, and he was asked: "Q. Are you able to say whether or not her mind was affected at the time of her death?" And this, upon objection, was excluded. Plaintiff's counsel also asked Dr. Lyon, the superintendent of the Bloomingdale Asylum, respecting the condition of the sisters, and for his opinion as to the cause of their mental condition, and also whether it was due to disease or to an inherited tendency. The questions as to heredity, upon objection of the defendant, were excluded, and the plaintiff took an exception. It is claimed that these rulings constitute error requiring a reversal of the judgment.

I have been unable to find a case directly in point upon this question in this state. In other jurisdictions the question has been authoritatively settled. In Berry v. Safe Deposit & Trust Co., 53 Atl. 720, the Court of Appeals of Maryland held, as expressed in the syllabus: "In a will contest, where there has been no offer of direct proof of testator's insanity, evidence is not competent as to the insanity of other members of his family." A like doctrine was announced in Reichenbach v. Ruddach, 127 Pa. 564, 18 Atl. 432. In Shailer v. Bumstead, 99 Mass. 112, it was held, that where the sanity of a testatrix had not been called in question, but claim was made of weakness of mind or mental trouble, such evidence is not admissible. See, also, Titus v. Gage, 70 Vt. 13, 39 Atl. 246. Walsh v. People, 88 N. Y. 458, was an appeal in a capital case; the plaintiff in error having been convicted of the crime of murder in the first degree. The defense was insanity.

Proof was given that the prisoner's father had epileptic fits. No evidence had been adduced at that time showing any insanity on the part of the prisoner. A witness was called and asked if he had noticed any strange actions at any time in the conduct of a brother of the prisoner. This question was excluded. The court, in discussing the question, construed the ruling as proceeding upon the ground that the defense was first required to show that epilepsy produced or tended to produce insanity, and that the disease was transmissible, before it was competent to enter upon the general subject of the conduct of the brother. The proof offered in that case did not tend to show that epilepsy was hereditary, or that such disease affected the mind or produced insanity; and it was said that it would be essential to establish these facts, or lay the foundation for such proof, before evidence of insanity in the family would be received, and the court sustained the ruling of the trial court in excluding the testimony in that case. It would by no means follow that, because insanity existed in the family of the testator, he himself was insane; and unless evidence were adduced showing, either directly or by inference, that he was mentally afflicted, it would make no difference what was the condition of his relatives. There was no attempt made to show that the testator's mind had been affected at any time, or that he had ever exhibited symptoms of insanity in any form. It was shown that he had been ill, and that he was enfeebled thereby, but further than this the proof did not go. We are of opinion that, before insanity can be shown to have existed in the membership of testator's family, it must have appeared that to some extent, at least, the testator had suffered from a like affliction. Then, undoubtedly, evidence of the existence of insanity, especially if of a hereditary character, in the ancestors or other relatives of the testator, would have been pertinent and competent. In the present case, however, the evidence falls short of showing that the testator suffered from insanity in any form; and mere feebleness of health, produced by disease, is not a sufficient basis upon which to found the right of inquiry into the mental condition of other relatives. As the case stood, it appeared that two sisters of the testator were hopelessly insane. The testimony sought to be adduced related to other relatives of the testator, but as to the testator himself no evidence was adduced showing that he suffered from a like complaint, or was at any time mentally unbalanced. Consequently there was nothing in this testimony authorizing an inference that the testator was insane at the time of the execution of the will. It may be said that the evidence approached nearly to the point of competent proof, but did not reach it.

These are the only questions to which our attention was directed on the argument, and, as they are insufficient in revealing the commission of error, the judgment and order should be affirmed, with costs. All concur.