In the Matter of the Petition of ARCHIBALD W. MCEWAN to Prove the Last Will and Testament of CHARLOTTE D. SMITH, Deceased.

Surrogate's Court, Kings County, February (Received March, 1923).

**Wills — contested probate — testimony of surviving witness at variance with attestation clause — verdict against due execution of will set aside.**

Where if the verdict in a contested probate is allowed to stand, the will, which was prepared by a layman at the request of the testatrix and which without doubt represents her desires, would be set at naught by the present assertion of recollection concerning a single detail of the testamentary transaction, by the surviving attesting witness, whose memory is erroneous as to many details and absolutely fails as to others and whose testimony is completely at variance with the statements contained in the attestation clause, a motion to set aside the verdict as against the evidence and the weight of evidence and for a new trial will be granted.

MOTION to set aside verdict in a contested probate proceeding.

*Francis C. McCarthy,* for proponent.

*Andrew F. Van Thun, Jr.,* for Theodosia Gilmor, legatee.

*Daniel Maller,* for Alice A. Gregory, contestant.

WINGATE, S.  Upon the hearing it was established that the decedent was of sound mind, and there was no evidence offered tending to show that any fraud or undue influence was exercised with respect to the execution of the instrument offered for probate.

The question of execution was submitted to the jury, which rendered a verdict that the paper offered as a will was not duly executed.

The will was prepared by a layman at the request of the decedent and was typewritten upon a printed form.  It unquestionably expressed her intentions and desires.  The evidence shows that the testatrix sufficiently complied with the statute as to publication and request to the witnesses, and question only arises as to whether the decedent subscribed her name in the presence of the subscribing witnesses, or sufficiently acknowledged her signature to them.

There were two subscribing witnesses to the propounded paper, one of whom is now dead.  The will is subscribed by the testatrix at the end, and the signatures of both subscribing witnesses appear opposite her signature, and also after the attestation clause.  That clause, so signed by the subscribing witnesses, recites that the testatrix signed the will in the presence of each of the subscribing witnesses and that they signed it in her presence and in the presence of· each other.

The surviving subscribing witness, a lady unfamiliar with legal papers, testifies to her present recollection, which is completely at variance with the statement of facts set forth in the attestation clause.  Her recollection is not clear and her statements upon the witness stand were contradictory.  She testified she did not see the testatrix sign her name.  During the course of her testimony, when directly asked, " Will you say her [the decedent's] name was not on that paper at the time you signed your name? " she replied: " That I cannot say; I don't know whether it was or not; I did not look at the paper; in fact, I did not give the matter any consideration  *  *  *." At another time she said the paper was folded when she signed, but upon examining the paper it is difficult to see how th's could have affected the situation, for the paper could only with great difficulty be folded in such a manner as to conceal the decedent's signature, and yet, at the same time, enable the witness to write upon it at the two places at which she admits she did write.  She, however, also testified that she had no real recollection as to her son's signature, or as to whether she or the son signed first.  Likewise, she testified that she had only signed her name once as a witness, but later admitted she was in error when her two signatures were exhibited to her.

Her attitude upon the witness stand was distinctly unfriendly to

the will, and, upon cross-examination, she was evasive and frequently volunteered testimony favorable to the contestant. Some portions of her testimony are obviously conclusions and not recollection. She gave every evidence of having formed a conclusion in her own mind, which she sought to sustain by argument, as to a matter of which she appears to have had little recollection, and which she said did not interest her at the time of its occurrence as much as the preparation of her son's dinner.

Opposed to her present recollection, there is her contemporaneous statement of the transaction, set forth in the attestation clause, that the testatrix signed the propounded paper as a will in her (the witness') presence. The other subscribing witness, a man now deceased, also signed the attestation clause and this is the only evidence on his part as to the transaction.

If the verdict is allowed to stand, the will, which undoubtedly represents the desires of the testatrix, will be set at naught, by the present assertion of recollection concerning a single detail of the testamentary transaction, by a witness, whose memory is erroneous as to many details and fails completely as to others, in connection with a transaction, occurring three years before, in which, as she herself said, she had no interest and with the nature of which she was wholly unfamiliar.

The improbability of the story of this witness, in view of the circumstances surrounding the execution of the propounded paper, and the conduct and demeanor of the witness while giving her testimony entitle it to very little weight. The verdict based thereon is found to be against the evidence and the weight of evidence, and the motion to set it aside and for a new trial is granted.

Decreed accordingly.