In the Matter of Proving the Last Will and Testament of MARIA LOUISE EWEN, Deceased.

JOHN EWEN, Appellant; NEW YORK TRUST COMPANY, as Executor, etc., of MARIA LOUISE EWEN, Deceased, Respondent.

First Department, July 6, 1923.

**Wills — probate — verdict of jury in favor of proponents as to undue influence and fraud supported by evidence — direction of verdict as to due execution was proper — attestation clause is evidence of due execution of will.**

In a proceeding to probate a will which was contested on the ground that the will was not properly executed and that the execution was procured by undue influence and fraud, the verdict of the jury that the execution was not induced by undue influence or fraud was not against the evidence.

The action of the surrogate in directing a verdict in favor of the proponents on the question of the due execution of the will was proper, for though the attesting witnesses had poor memory and gave contradictory testimony, in some respects,

still when their entire examinations are read there remains enough of essential proof to warrant a judicial finding that the participants performed the substantial acts for the making of a valid will and there was consequently no issue of fact presented as to the declaration of the testatrix and the request to the witnesses to sign the paper as her will which should have been submitted to the jury.

The appearance of the attestation clause in the will is of itself some evidence of due execution, when it is signed by the witnesses, and may overcome their lack of memory of details or even hostility to the proponent inducing testimony against the factum.

APPEAL by John Ewen, one of the next of kin of Maria Louise Ewen, deceased, from a decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 16th day of March, 1921, admitting to probate an alleged will of said deceased dated the 9th day of June, 1917, and also from an order entered in said surrogate's office on the 16th day of February, 1921, denying contestant's motion for a new trial made upon the minutes.

*Wilder, Ewen & Patterson* [*John Ewen* of counsel; *William R. Wilder* with him on the brief], for the appellant.

*S. H. & S. F. Thayer*, for Edith Mabel Kavanagh and Mildred E. Thayer.

*Emmet, Marvin & Roosevelt* [*Langdon P. Marvin* of counsel; *Arthur C. Train* with him on the brief], for the respondent New York Trust Company, executor.

McAvoy, J.:

This contentious probate proceeding was tried before the surrogate and a jury upon these framed issues:

(1) Did Maria Louise Ewen subscribe the paper offered for probate as a will at the end thereof in the presence of the attesting witnesses, or acknowledge to each of them that such subscription appearing on such paper had been made by her?

(2) At the time of making such subscription or acknowledgment, did the said Maria Louise Ewen declare to each of the attesting witnesses that the paper offered for probate as a will was her last will and testament?

(3) Were there at least two attesting witnesses, each of whom signed his or her name as a witness at the end of said paper offered for probate as a will, at the request of the said Maria Louise Ewen?

(4) At the time of the execution of the paper offered for probate as a will, was the said Maria Louise Ewen of sound mind and memory and competent to dispose of her estate by will?

(5) Was the execution by the said Maria Louise Ewen of the said paper offered for probate as her will caused or procured by the undue influence of any person or persons?

(6) Was the execution by the said Maria Louise Ewen of the said paper offered for probate as her will caused or procured by the fraud of any person or persons?

Question No. 1, as to the signature of the will in the presence of witnesses, was withdrawn by consent of the parties from the jury, and question No. 4, as to testamentary capacity, is now abandoned on appeal. Questions No. 5 and No. 6 were submitted to the jury, which found in favor of proponent on these issues. Question No. 5 relates to undue influence, and question No. 6 relates to fraud. As to questions No. 2 and No. 3, the surrogate directed a verdict in favor of proponent on the issues thus proposed, and complaint of his ruling thereon is based mainly upon the assertion that the lack of proof of factum warranted a direction in contestant's favor or a dismissal of the proceeding for probate; and in the event that it be deemed that there was some proof of factum, that it was not such as could be held sufficient as matter of law, but that the issue of factum ought to have gone to the jury. The issues of undue influence and fraud were, as the evidence turned, wholly for jury findings on the facts. An appellate judicatory should not be prone to interfere with the determination on either of those findings. The learned surrogate's charge covering these issues was full and fair and gave the proponent's and contestant's versions and the basis for their respective claims to the jury for its judgment. None of the assignments of error in the charge or in the rulings on evidence admitting or excluding proffered proof, present serious points. The result attained would have remained unaffected if contestant had had all these rulings in his favor; and, therefore, we must look solely at the proof of factum for scrutiny of its foundation to discover whether statutory pronouncement has been followed in the formalities of execution, witnessing and publication. The attesting witnesses are both unsatisfactory in memory of the exact events as they occurred. They are even contradictory in some aspects of the event; but when their entire examinations are read, there remains a residuum of essential proof to warrant a judicial finding that the participants performed the substantial acts required for the making of a valid will. The proof shows that these witnesses announced to testatrix on arrival at her apartment that they came from the trust company to witness testatrix's will. One of them had brought the proposed testamentary script, which was a substantial copy of an earlier will made by her. Testatrix procured pen, ink and table, appeared

to read the contents of the paper presented, turned over the pages and complied with suggestions of signing the separate leaves of the document and wrote her name in full at the end, rose and handed the pen to one witness, who then signed his name and handed the same pen to the other witness, who also signed his name. One of the witnesses then said they would take the will down to the security box in the trust company, and testatrix acquiesced. The attestation clause, which appears at the end and contains the fundamentals of a valid execution, was said to have been read by one witness, although the other witness does not recall that it was so read; but its appearance in the will is of itself some evidence of due execution when it is signed by the witnesses, and may overcome their lack of memory of details or even hostility to the proponent inducing testimony against the factum.

In *Wyman* v. *Wyman* (118 App. Div. 109; affd., 197 N. Y. 524), in an opinion by Mr. Justice (now Presiding Justice) CLARKE, are collated cases showing that the recitals of an attestation clause have always been deemed sufficient proof, when signed by the witnesses, to repel the testimony, which, through lack of memory, or because of some motivating cause, such witnesses may give in opposition to the execution, publication and witnessing of a will. I think there was enough proof here to establish the factum of the will without the additional force to be attributed to the recitals of the attestation clause, and that there was consequently no issue of fact presented on either question No. 2 or question No. 3, which relate to the declaration of testatrix and the request to the witnesses to sign the paper as her will, which should have been submitted to the jury.

No Procrustean standard has been erected into which every testament's proof of due execution must fit or else be judged invalid. There is no requisite of unvarying method in the circumstances of proof which will be deemed essential to compliance with the substantial requirements of the statutory mode. The decree admitting the will should be affirmed, with costs to respondent payable out of the estate.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Decree and order affirmed, with costs to respondent payable out of the estate.