In the Matter of the Probate of the Will of MARGARET A. McCULLOCH, Deceased.

ROBERT S. DORNON, Appellant; FLORENCE E. BOONE et al., Respondents.

(Argued January 8, 1934; decided February 27, 1934.)

*Henry A. Uterhart* and *Alfred M. Schaffer* for appellant. It was reversible error to permit a beneficiary under the first two wills to testify, over objection and exception, as to various alleged conversations with the deceased, in the attempt to sustain the contention of undue influence as to the will offered for probate herein. (Civ. Pr. Act, § 347; *Matter of Smith*, 95 N. Y. 516; *Matter of Jeffrey*, 129 App. Div. 791; *Pringle* v. *Burroughs*, 100 App. Div.

366; 185 N. Y. 375; *Lesster* v. *Lesster*, 178 App. Div. 438; Surr. Ct. Act, § 278; *Matter of Rogers*, 127 Misc. Rep. 428; *Croker* v. *N. Y. Trust Co.*, 245 N. Y. 17; *Hartig* v. *Hartig*, 147 App. Div. 6.) It was reversible error to permit a party contestant and statutory next of kin to testify, over objection and exception, as to personal transactions with the deceased. (Civ. Pr. Act, § 347; *Matter of Smith*, 95 N. Y. 516; Surr. Ct. Act, § 314, subd. 10; *Matter of Gant*, 142 Misc. Rep. 446; *Matter of Jeffrey*, 129 App. Div. 791.) The waiver of the seal of confidence by requesting an attorney to witness a will is annulled if the testator through a different attorney makes another will revoking the first will before such confidential communications are disclosed. It was, therefore, reversible error to allow the attorneys to testify as to confidential communications on the trial of a proceeding to prove a later will drawn by a different attorney. (Civ. Pr. Act, §§ 353, 354; *Mead* v. *Cavanagh*, 161 App. Div. 177; *Matter of Coleman*, 111 N. Y. 220; *Matter of McGowan*, 134 Misc. Rep. 409.)

*Joseph T. Cashman* for Florence E. Boone et al., respondents. The affirmance by the Appellate Division should not be disturbed because a beneficiary under the first two wills, but not under an intervening will, was permitted to testify as to conversations with the deceased to sustain the contention of undue influence. (*Matter of Hennessey*, 157 App. Div. 136.) The affirmance by the Appellate Division should not be disturbed because a party contestant was permitted to testify as to personal transactions with the deceased. (*Franklin* v. *Kidd*, 219 N. Y. 409; *Talbot* v. *Laubheim*, 188 N. Y. 421; *Matter of Hennessey*, 157 App. Div. 136; *Griggs* v. *Renault Selling Branch, Inc.*, 179 App. Div. 845.) The decision of the Appellate Division should not be disturbed because former attorneys for the testatrix were allowed to testify as to communications with the deceased. (*Matter of Coleman*, 111 N. Y. 220; *Matter of Coughlin*, 171 App. Div. 662; *Matter of Ford*, 135 Misc. Rep. 630; *Matter of Pedaro*,

138 Misc. Rep. 410; *Baumann* v. *Steingester*, 213 N. Y. 238.)

*Howard W. Ameli* and *Albert D. Smith* for Lottie Williams et al., respondents. The admission of testimony of a beneficiary under former wills and a party contestant was not prejudicial error as they are not interested in the event within the prohibition of section 347 of the Civil Practice Act. (*Lesster* v. *Lesster*, 178 App. Div. 438; *Talbot* v. *Laubheim*, 188 N. Y. 421; *Matter of Hennessey*, 157 App. Div. 136; *Griggs* v. *Renault Selling Branch, Inc.*, 179 App. Div. 845.) The testimony of the attorneys was properly admitted. (*Matter of Coleman*, 111 N. Y. 220; *Matter of Coughlin*, 171 App. Div. 662; *Matter of Ford*, 135 Misc. Rep. 630; *Baumann* v. *Steingester*, 213 N. Y. 238.)

*Joseph Gazzam* for May L. Gazzam, respondent. The testimony of a beneficiary under prior wills and a party contestant was introduced in a contest, the favorable result of which might create the possibility of other litigations, in the outcome of which said witnesses would be interested. This possibility was not sufficient to bar the criticised testimony. (*Franklin* v. *Kidd*, 219 N. Y. 413; *Lesster* v. *Lesster*, 178 App. Div. 438; *Talbot* v. *Laubheim*, 188 N. Y. 421.)

*Salvatore M. Parisi*, as special guardian, respondent.

CRANE, J. Rulings on the admission of evidence require the reversal of this decree. The will of Margaret A. McCulloch was denied probate because the jury found undue influence had been used to procure its execution.

Mrs. McCulloch, a widow with no heirs or next of kin of her own, died in Brooklyn, New York city, at the age of about seventy-two on April 12, 1932. Her family physician for two years was Dr. Hamilton, at whose house she was living when she passed away. The testatrix had made four wills and her sanity and ability to make a last disposition of her property was not questioned.

The will of April 28, 1930, gave $500 to Dr. Hamilton and left $25,000 to Florence E. Boone, a housekeeper nurse, the income on $15,000 for life to Lottie Williams, a maid, and the residue to the Masonic Hall and Asylum Fund. The will of May 14, 1930, contained the $500 bequest to Dr. Hamilton, increased the Boone bequest to $30,000, made Lottie Williams' legacy $15,000, and provided for the Masonic Hall and one May L. Gazzam. On January 12, 1931, another change was made. This time Dr. Hamilton got nothing and Florence E. Boone and a Clarence C. Bythrow got all. The last will, the one offered for probate, turned to her physician, Dr. Hamilton, leaving him the entire estate.

Up to February 3, 1931, Mrs. McCulloch had been living in her own apartment in Vanderbilt avenue, Brooklyn, N. Y., keeping house with the aid of Florence Boone, a nurse and housekeeper. Clarence C. Bythrow came to live with them. He was a new acquaintance, met for the first time in the summer of 1930 in the White Mountains. Lottie Williams had been a maid in the house of Mrs. McCulloch for many years during the lifetime of Mr. McCulloch. With this date, February 3, 1931, commenced new arrangements. The testatrix on that day was taken to the St. John's Hospital, Brooklyn, for treatment of her ailment, diabetes. She closed her home and notified Florence Boone and Bythrow that they must leave; she did not desire to see them again. From the hospital the testatrix went to live with her physician who fitted up the fourth floor of his house for her comfort. Here she received her friends without let or hindrance and came and went at will. Errands at her bank were attended to personally.

This last will of February 19, 1931, was drawn up by reputable lawyers who received their instructions from the maker personally, without interference or suggestion from the proposed legatee. Unnecessary for the purpose

of this opinion to state the evidence as we move on to the points of law requiring attention.

When the will was offered for probate objections were filed by Lottie Williams, a legatee in a previous will, one removed, *i. e.*, the second will above listed. She was called as a witness and permitted to testify on material matters. Not so Florence Boone, who was excluded as a witness because she was a legatee under the third will, the one before that on probate. (*Pringle* v. *Burroughs*, 100 App. Div. 366; affd., 185 N. Y. 375.) Should the last will be rejected, Florence Boone would benefit, as she was given a considerable amount in the third will, which could then be probated as a last will. While more remote and yet not without possible claim to success, Lottie Williams was in the same position. Yet her interest was so contingent and remote that it does not come within the excluded class. (See *Laka* v. *Krystek*, 261 N. Y. 126; *Franklin* v. *Kidd*, 219 N. Y. 409; *Talbot* v. *Laubheim*, 188 N. Y. 421; cf. *Lesster* v. *Lesster*, 178 App. Div. 438.)

In setting aside this will, Lottie Williams would not benefit directly or even indirectly. She would not benefit at all. Another will intervened in which she was not mentioned. Should this will also be set aside or refused probate, then it is true, she might realize her hopes and become a legatee, but this interest, while possibly affecting the credibility of her testimony, would be too remote and contingent to disqualify her as a witness under section 347 of the Civil Practice Act. The interest to disqualify must be a present, certain and vested interest and not an interest uncertain, remote or contingent. (*Hobart* v. *Hobart*, 62 N. Y. 80, 84; *Nearpass* v. *Gilman*, 104 N. Y. 506, 509; *Eisenlord* v. *Clum*, 126 N. Y. 552, 558; *Albany County Sav. Bank* v. *McCarty*, 149 N. Y. 71, 84; *Laka* v. *Krystek*, *supra*.) Some of the decisions have criticized or narrowed this disqualifying rule and Professor Wigmore in his prolific work on Evidence (Vol. 1 [2d ed.], pp. 1004–1007) has severely condemned

it. (See Yale Law Journal, vol. XXX, 593, p. 605, " Comments on Will Contests in New York," by Henry W. Taft.) ˙ We still, and I may say with some reason, adhere to it but recognize that it should not be extended. Thus, this court in *Eisenlord* v. *Clum* (*supra*) said, " All legislation on the subject has been in favor of greater liberality in the rules relating to the competency of witnesses." (See, also, comments in *Funk* v. *United States*, 290 U. S. 371.) In *Matter of Smith* (95 N. Y. 516) the last two wills were treated as one in effect and so cannot be considered as authoritively passing on this point.

On another point, however, Lottie Williams was a disqualified witness. She was made a party to the probate proceedings and as stated filed written objections asking for affirmative relief. Had she been defeated she could have been charged with costs. (Surr. Ct. Act, § 276.) As it was she won and has been awarded costs by the decree. Thus she became a party disqualified under section 347 of the Civil Practice Act. (*Croker* v. *N. Y. Trust Co.*, 245 N. Y. 17.)

The same objection applies to the testimony of Frank H. McCulloch, a party contestant and a recipient of costs. His evidence should have been excluded for this reason. However, as next of kin, made such by the Decedent Estate Law (Cons. Laws, ch. 13), section 83, subdivision 15, he was not otherwise disqualified. He was a statutory next of kin, no blood relation of Mrs. McCulloch, being the brother of her deceased husband. Although in the absence of all blood relatives he would take her property, yet with four wills extant in which he was not mentioned, his interest was too remote and contingent to bar him out as a witness. His relationship by marriage may weaken his testimony but should not silence him.

Section 314, subdivision 10, of the Surrogate's Court Act, which defines " persons interested " as including

any person entitled absolutely or contingently to share in the estate, applies to the provisions of the act, referring as it does to practice. A blood relative may be contingently interested in an intestacy if all who take as heirs or next of kin should die, yet this is not the kind of contingency referred to. A husband, in the contingency that his wife does not sell or give away her property, will be entitled to one-half of it (Decedent Estate Law, §§ 18, 83), yet he is not disqualified as a witness. This section has no reference to section 347 of the Civil Practice Act relating to parties interested in the event.

We now come to the testimony of attorneys Clark and Gilroy, subscribing witnesses to prior wills. Clark, a lawyer, was a witness to the first will and Gilroy to the third. On the ground that the privilege, so called, of section 353 of the Civil Practice Act had been forever waived when making a lawyer a witness to a will, these attorneys were permitted to testify to transactions with Mrs. McCulloch on the probate proceedings of the fourth will. This we think was misconstruing section 354 of the Civil Practice Act. An attorney cannot disclose a communication made to him by a client in the course of his professional employment. (Civ. Prac. Act, § 353.) An exception is contained in the next section in these words: " But nothing herein contained shall be construed to disqualify an attorney in the probate of a will heretofore executed or offered for probate or hereafter to be executed or offered for probate from becoming a witness, as to its preparation and execution in case such attorney is one of the subscribing witnesses thereto." This exception applies to the will on probate. As to this will the lawyer — a subscribing witness — is free to speak; as to all others he cannot testify. The reason is this. Under certain beliefs a person consults a lawyer about his will. It is drawn and the lawyer becomes a witness to it. Here is a waiver of the client's privilege to compel his lawyer to keep secrets. The lawyer may testify on the probate

proceedings as to all that was said to him about the matter. But later the client may discover that his beliefs were ill-founded, and not only desires to change his will but prevent the lawyer disclosing his mistaken views. Can he do this? He may by drawing a new will with new witnesses; this revives the privilege. We must remember the right to secrecy belongs to the client, not the lawyer. (*Mead* v. *Cavanagh*, 161 App. Div. 177.)

The testimony of these two lawyers should have been rejected.

The decree and the order of affirmance should be reversed and the proceeding remitted to the Surrogate for a new hearing, with costs in all courts to each party who has appeared and filed a brief, payable out of the estate.

O'BRIEN, HUBBS and CROUCH, JJ., concur; POUND, Ch. J., and LEHMAN, J., concur in result; KELLOGG, J., not voting.

Ordered accordingly.