In the Matter of the Estate of JOHN HUGH O'NEILL MAGUIRE, Deceased.

Surrogate's Court, New York County, February 9, 1935.

*Thomas H. Pinney*, for the proponent.

DELEHANTY, S. The proof satisfies the court that the will of deceased was duly executed and that it is entitled to probate. The court is satisfied that the subscribing witnesses in pursuance of a conspiracy to injure the beneficiary under the will have sought to create a doubt respecting the validity of the execution. They were employees in a business apparently owned and operated by deceased and the beneficiary of deceased's will. Resenting their loss of employment in that business, the subscribing witnesses misappropriated, so far as they could, the data concerning customers of deceased and set up a rival business close at hand. This current effort to prevent the probate of deceased's will is part of a general plan of injury. Where such a plan is made evident to the court, it is not constrained to deny probate merely because the witnesses refuse to recite in their testimony all of the details attending a due execution. Here the will is holographic. It contains an attestation clause which is most explicit in its terms. That attestation clause is subscribed by the witnesses. Admission was made on the record of statements of the witnesses which confirmed the recitals in the attestation clause. The circumstances establish that the instrument offered is the actual will of deceased. The court is

warranted in admitting the will. (*Trustees of Auburn Seminary* v. *Calhoun,* 25 N. Y. 422, and note at pp. 425, 429; *Peck* v. *Cary,* 27 id. 9, 30; *Matter of Kellum,* 52 id. 517; *Matter of Cottrell,* 95 id. 329; *Matter of Huber,* 181 App. Div. 635, 640; *Wyman* v. *Wyman,* 118 id. 109; affd., 197 N. Y. 524; *Matter of Ewen,* 206 App. Div. 198; *Matter of Morley,* 125 N. Y. Supp. 886; *Matter of Smith,* 120 Misc. 370.)

Submit decree admitting the will to probate.