In the Matter of the Estate of ADOLPH FABRICIUS, Deceased.

Surrogate's Court, New York County, May 15, 1935.

*Clarence A. Weill*, for the proponent.

*Andrew Wilson*, for Terman Fabricius and others, contestants.

FOLEY, S.  In this proceeding for the probate of the will of the testator tried by the surrogate without a jury, the question at issue was the validity of the execution of the instrument and particularly whether the testator acknowledged his signature to each of the two subscribing witnesses.  The decedent was a butler. The two witnesses were a chauffeur and a gardener employed with him.  The body of the instrument was written in the handwriting of the decedent.  The decedent and the two subscribing witnesses were the only persons present at the time of execution.  The testimony of the subscribing witness, Hall, is clear and convincing that each of the formal requirements of a valid execution was complied with.  He testified that the decedent requested him to sign the will as a witness, and that he declared it to be his will. While the paper had been previously signed by the decedent, not in the presence of this subscribing witness, the latter testified that he asked the testator if that was his signature.  He said, " Yes, then I went ahead and signed my name."  He further testified on this phase of the case, " I asked him, I said, is that your signature, Adolph?  He said, yes."

After the completion of this part of the transaction the second witness, Horne, came into the room where the testator and the first subscribing witness were present.  He testified that the decedent had spoken to him about witnessing his will on an occasion some time before the actual execution.  The testator had on that occasion asked Horne whether he would mind witnessing his will.  Corne testified· that when he arrived in the room the testator asked him to witness his will for him.  He stated that the testator said: " This is my will.  Would you mind witnessing this will for me?"  On the question as to whether the testator acknowledged his signature which was upon the paper, the witness Horne testified as follows: " Q. Give us your best recollection, you may not remember the exact words, but give us your best recollection of what he said with regard to his signature upon this paper?  A. He said something like that, ' He had already attached his signature to that paper * * * right below the date.' "

There are certain discrepancies in the testimony of the two subscribing witnesses when compared with the answers given by them upon their examination before trial.  In the case of Horne there are even contradictions.  But when the entire testimony of the two subscribing witnesses, as given upon the trial of the contest before the surrogate, is considered " there remains a residuum of essential proof to warrant a judicial finding that the participants performed the substantial acts required for the making of a valid will.  * * *  No Procrustean standard has been erected into

which every testament's proof of due execution must fit or else be judged invalid. There is no requisite of unvarying method in the circumstances of proof which will be deemed essential to compliance with the substantial requirements of the statutory mode." (Per McAvoy, J., in *Matter of Ewen*, 206 App. Div. 198.)

The testamentary paper here was executed on September 24, 1928. The lapse of a period of six years undoubtedly accounts for the contradictions in the testimony of the two subscribing witnesses. Both of them, however, impressed the surrogate, as the trier of the facts, as trustworthy witnesses. No interest which might affect their credibility was disclosed. The principal beneficiaries of the will lived in another State and were plainly the objects of the bounty of the testator. They were not present at or about the time of execution. None of these legatees was known to the subscribing witnesses. The authority cited by counsel for the contestants (*Matter of Redway*, 238 App. Div. 653; affd., 265 N. Y. 519), wherein the alleged will was denied probate because of the failure to establish an essential element of *factum* — the acknowledgment of the signature by the testatrix — has no application to the facts here. In the *Redway* case there was a complete and substantial defect in the execution, for one of the subscribing witnesses testified that the testatrix did not sign the instrument in his presence, that he saw no signature upon it and that he was unable to say at the time of the trial that the signature appearing upon the instrument was made by the testatrix. Moreover, the period of time between the date of alleged execution and the date of the testimony of the witness was extremely short, covering only one year.

On the other hand, in the pending proceeding each of the witnesses testified to the satisfaction of the surrogate that the requisite element of acknowledgment of his signature by the testator had been performed. Both testified that they knew the handwriting of the decedent and that his signature was plainly visible to them when they affixed their own signatures as attesting witnesses.

The will here is holographic. A long period of years elapsed between the execution and the taking of the testimony. Mere lack of recollection on the part of the witnesses will not invalidate the instrument where there is sufficient proof of compliance with the statutory requirements. The evidence is not to be tested by isolated parts which indicate not so much a lack of valid execution, but rather the infirmities of memory and the uncertainty of human recollection. It is sufficient that the requisite elements may be proven upon a review of the entire testimony of each witness in a manner convincing to the trier of the facts. (*Matter of Hunt*, 110

N. Y. 278, distinguishing *Lewis* v. *Lewis*, 11 id. 220; *Matter of Phillips*, 98 id. 267.)

Upon all the evidence I find that the will was validly executed. Since no person is named as executor in the will, the surrogate will appoint Martha Fabricius as administratrix with the will annexed subject to her qualifying in accordance with law.

Submit decree on notice admitting the will to probate accordingly.