In the Matter of the Estate of CAROLYN L. CASPER, Deceased.

Surrogate's Court, Westchester County, October 14, 1936.

*Sidney R. Fleisher* [*Richard H. Levet* of counsel], for Allan R. Campbell and James W. Good.

*James J. Delaney,* for William F. Casper, husband.

*Strang & Taylor,* for Leonard Kebler, legatee.

*Joel Mencher,* special guardian.

SLATER, S. The hearings on the construction issue in this account' of proceedings terminated in June of this year. Briefs were to be submitted during the summer. At the close of the hearings, section 354 of the Civil Practice Act disqualified an attorney or his employees from testifying as to the preparation and execution of a will in a construction proceeding. By chapter 493 of the Laws of 1936, in effect September 1, 1936, the law was relaxed so that such a witness might be offered in such a proceeding. *Matter of McCulloch* (263 N. Y. 408) was the moving cause for the amendment of 1935. By motion made after September 1, 1936, the decedent's executors seek to offer further testimony in the construction proceeding.

Counsel for the legatee contends that the amendment does not affect the instant case, because the death of Mrs. Casper occurred in 1932 prior to such amendment, and for the further reason that the hearing upon the construction issue was concluded in June of this year.

As to the latter contention: The construction was an incident to the judicial settlement of the account of the executors. Briefs were filed but reply briefs had not been filed. The court had not rendered its opinion-decision so that it could become a decree. (Civ. Prac. Act, § 127; Rules Civ. Prac. rule 70; Surr. Ct. Act, § 20.)

As to whether the amendment of 1936 applied to the construction of a will of a testator who had predeceased the effective date of the law: The amendments to section 354 of the Civil Practice Act should not be construed in a technical manner. (*Matter of Tinker*, 157 Misc. 200, 205.) The purpose of the Legislature was to let down the bars so that a lawyer or his employee should no longer be disqualified from being permitted to testify on the probate of a will with regard to its preparation and execution, or in the construction of any of its provisions. There has been a change in the public policy of the State with regard to this rule of evidence. There is no vested right in persons in statutory enactments. (*Brearley School* v. *Ward*, 201 N. Y. 358.)

A will may be construed in various proceedings: (1) In the probate proceeding; (2) in an independent proceeding brought for the construction; (3) in an accounting proceeding. Years may lapse between the time of the probate of a will and its construction.

The Legislature of the State changed the rule of evidence in relation to the disqualification of an attorney or his employees as witnesses in a *probate* proceeding by chapter 200 of the Laws of 1935, in effect September 1, 1935, by saying that nothing in section 354 of the Civil Practice Act should be construed "to disqualify an attorney, or his employees, in the probate of a will *heretofore*

executed or *offered for probate* or *hereafter* to be executed or *offered for probate* from becoming a witness, as to the preparation and execution of the will so offered for probate or of any prior will, whether such attorney is or is not one of the subscribing witnesses thereto."

Here is found in plain language the legislative meaning. The law is expressly retroactive by its very words. The act affects wills *heretofore* or *hereafter* executed, or *offered* for probate. The Legislature further extended its policy in relation to the qualification of an attorney witness in proceedings to *construe* wills by chapter 493 of the Laws of 1936, effective September 1, 1936. The added words of the act are to the effect that an attorney is not disqualified from testifying " in any *proceeding whatsoever* involving the validity or *construction of such a will* from becoming a witness, as to the preparation and execution of the will so offered for probate or *required to be construed* or of any prior will, or of any indenture, deed of trust or instrument affecting such construction, whether such attorney is or is not one of the subscribing or attesting witnesses thereto."

Here, too, is a continued clear expression of the legislative purpose to justify a retroactive application. Let us seek a reason for the law, the reason being the intent to remove any disability, so that the attorney may disclose all that was said by the testator at the time of the preparation or execution of the will. The amendment does not take away or impair rights vested under any prior law and, consequently, is not invalid. It only relates to a rule of evidence. Retrospective laws which merely vary remedies are not unconstitutional. It is not for the court to comment on the wisdom of the change. The bar has been removed by words ample to apply to all wills and in any proceeding whatsoever for their construction. I interpret the amendment to the effect that an attorney, or his employee, is no longer disqualified from becoming a witness in any probate or construction proceeding.

This decision relates only to the right to offer such testimony. The offered testimony may or may not be relevant, or be received as evidence, depending upon the issues involved.

The motion is granted.

Proceed accordingly.