S. Samuel Di Falco, S.
In this contested probate proceeding four questions were submitted to the jury, three relating to the execution of the will and the fourth involving an issue of fraud. The jury answered all questions in favor of the proponent. Prior to submission of the case to the jury, the contestants had moved to dismiss the petition on the ground that the proponent failed to prove due execution of the will in accordance with the provisions of section 21 of the Personal Property Law, and also for direction of a verdict in their favor on all issues. The court reserved decision on these motions, and in accordance with the terms of section 457-a of the Civil Practice Act, the questions thus reserved have been argued by counsel and submitted for decision.
The will of this testatrix bore the signature of three attesting witnesses. Only two were produced at the trial. The third subscribing witness is the proponent and principal beneficiary under the will. One subscribing witness, Rose Tyler, testified that the testatrix signed the will in her presence, that she requested the witness to sign the will as an attesting witness and that she declared the instrument to be her last will and testament. The other witness, Marietta Williams, conceded that her name which appeared in two places on the will was in her handwriting. However, she said that she did not know how the signatures were placed there, and she denied being a witness to the execution of the will. She testified that she lives with one of the contestants, a sister of the testatrix. It is patent that the jury rejected the testimony of this witness.
The signature of all three witnesses appear twice on the instrument. Each name first appears opposite the signature of the decedent and under the heading “ witnesses Immediately following these signatures is an attestation clause which recites that the testatrix subscribed the instrument in the presence of each of the witnesses, that at the time of making the subscription she declared the instrument to be her last will and testament and that each, at her request and in the presence of each other, signed as witnesses. In addition, Rose Tyler testified that when the testatrix affixed her signature to the will, the second witness was in the house although Mrs. Tyler “ didn’t see her at that particular time ’ ’. She testified that she saw her ‘ ‘ a few minutes later”, but there is other testimony from which the jury could find that it was probably a matter of seconds between the acts of signing by the two witnesses. Mrs. Tyler heard the testatrix ask the second witness to sign the will and she was present in the room when the second witness signed her name *791 although Mrs. Tyler did not actually see the signature. She heard a discussion between the testatrix and the second witness as to the proper name which the witness should use in signing her name. Mrs. Tyler obviously could not testify that the second witness had actually seen the testatrix subscribe her name, nor was she able to state where the witness was at the time of the subscription of the testatrix.
Thus we have a case where one subscribing witness testifies to the due and proper execution of the will and the second subcribing witness denies the existence of every fact necessary to establish the will. Under such circumstances the will ‘1 may nevertheless be established, upon proof of thé handwriting of the testator, and of the subscribing witnesses, and also of such other circumstances as would be sufficient to prove the will upon the trial of an action.” (Surrogate’s Ct. Act, § 142.) It is undisputed that the signatures of both subscribing witnesses are genuine. One witness testified to the subscription by the testatrix and by the other subscribing witness. She also testified that the testatrix had requested the other to sign as a witness. Moreover, the other witness affixed her signature directly beneath the attestation clause. A regular attestation clause signed by the witnesses and corroborated by other evidence, has been held to be sufficient to establish a will ‘ ‘ even against the positive evidence of the attesting witnesses to the contrary.” (Matter of Cottrell, 95 N. Y. 329, 335; Wyman v. Wyman, 118 App. Div. 109, 114, affd. 197 N. Y. 524; Matter of Ewen, 206 App. Div. 198, 201; Matter of Sizer, 129 App. Div. 7, affd. 195 N. Y. 528.) The force of the evidence of the attestation clause will, of course, depend upon the circumstances of the case. (Orser v. Orser, 24 N. Y. 51, 53.) The recitals of such a clause have been held to be sufficient to overcome ‘ ‘ hostility to the proponent inducing testimony against the factum ’ ’ and to repel the testimony, which 1 ‘ because of some motivating cause, such witnesses may give in opposition to the execution, publication and witnessing of a will.” (Matter of Ewen, supra, p. 201.)
The court instructed the jury that they could take into account the certificate of attestation, but that they must consider it in connection with all of the other facts and circumstances in this case. (Orser v. Orser, 24 N. Y. 51, 54-55, supra.) The jury obviously found that the witnesses signed the certificate with knowledge of its contents and with the intent and purpose of certifying that in fact they had witnessed and had performed the things that they had certified therein. There is sufficient evidence in this record to justify the jury under the circum *792 stances in finding that all of the essential requirements of a valid will had been established.
The motions of the contestants for dismissal of the petition and for direction of a verdict in their favor are in all respects denied.
The contestants also moved to set aside the verdict of the jury on the ground that it is contrary to the evidence and against the weight of the credible evidence. They argue, particularly, that the signature of the decedent is not genuine and that the proponent has failed to establish the genuineness of her signature. The motions are denied. The jury was justified in answering the questions in favor of the proponent.
It appears that one paragraph in the original draft of the will has been obliterated. It does not appear when this paragraph was deleted. All of the original text is not plain. From what is decipherable, the provision does not seem to be dispositive in character or to affect any dispositive provision. It may be immaterial and inconsequential. Counsel do not even advert to it in their argument. However, the proponent must satisfy the court as to its contents on the settlement of the decree.
Submit decree on notice admitting the will to probate.