Joseph A. Cox, S.
Objections to the probate of the propounded instrument were interposed by a legatee under a purported testamentary paper of earlier date. It appears that the *482 testator also executed a paper on a date intermediate the dates of the propounded instrument and the instrument in which the contestant is named as a legatee.
The objections to probate presented issues as to execution, fraud and undue influence and there was also tried an issue as to whether the propounded paper was executed in duplicate. The proof established that the challenged instrument was a carbon imprint prepared on a typewriter and the affirmative evidence, provided by the testimony of the attorney who drafted the paper and attended its execution, was that the paper offered for probate was the only example of this paper executed by the testator. The law does not require that a will be written by any particular marking device and, for such purpose, the graphite from a carbon paper is quite as effective as the graphite from a pencil or the ink from either a pen or typewriter ribbon (2 Page, Wills [Bowe-Parker Rev.], § 19.6). Ordinarily the preparation of a carbon imprint involves the making of a ribbon imprint and, because the ribbon imprint usually is more legible, that imprint often is referred to as the original and the carbon imprint often is referred to as the copy but, if either is executed with legal formality, it becomes the effective document. In this proceeding there was no proof that the testator had executed the instrument in duplicate and, therefore, no issue of fact as to a possible revocation of another executed copy. Any assumption from the execution of a carbon imprint that the instrument had been executed in duplicate would be baseless conjecture which, weighed against the testimony as to the execution of but a single instrument, presented no question of fact for the jury.
An attorney, who did not subscribe the propounded paper but supervised its execution, testified to facts establishing execution in conformity with the statutory requirements. One attesting witness predeceased the testator but his signature was identified and the other attesting witness testified that he had witnessed the subscription by the testator. This witness was unable to recall any details of the transaction and, standing alone, there could be doubt as to the adequacy of his oral testimony. However, the witness did not testify to any fact which would dispute the testimony of the attorney or which was in contradiction of the attestation clause. Upon the evidence as to execution no reasonable doubt could exist as to the sufficiency of execution (Matter of Bright, 20 Misc 2d 789, affd. 12 A D 2d 745).
The proof was wholly devoid of any evidence of fraud in the procurement of the paper and nothing in the evidence can be regarded as supporting the objection interposed on this ground.
*483 Decedent had been separated from his wife for a number of years prior to the execution of the propounded instrument in 1948. Testimony was presented as to purported threats by the testator’s widow but, accepting such evidence at its best value from the contestant’s viewpoint, there still remained no connection between the alleged threats and the procurement of the propounded paper. The purported threats were not made in regard to any will and cannot be construed as intended to procure a will. In fact, threats of the nature of those referred to in the testimony ordinarily would tend to antagonize a testator and induce disinheritance rather than a beneficial will. Nothing in the testimony as to the relationship which existed between the testator and his wife constituted proof, or basis for inference, that she imposed her will in the preparation of the instrument here offered for probate. Considerable testimony was submitted which would indicate a continuing friendly relationship between the spouses during the entire period from the time of separation in 1941 to the date of death in 1960.
The contestant, a legatee under a second prior testamentary instrument, was called as a witness in her own behalf. Objection was made to her competency, pursuant to section 347 of the Civil Practice Act. This objection was opposed, under the authority of Matter of McCulloch (263 N. Y. 408). It posed the question whether a contestant, unrelated by blood to the decedent, may be permitted to testify in her own behalf by reason of the interposition of a prior testamentary instrument, in which she is not named, which was executed between the date of the propounded paper and that of the still earlier instrument in which the contestant legatee is named. Matter of McCulloch (supra) is on all fours with the anomalous situation in which a legatee is permitted to file objections to a propounded instrument in order to defeat its admission to probate, but may not be prevented, because of the existence of an intervening testamentary instrument, from testifying to conversations and transactions with the decedent.
As the Court of Appeals stated in Matter of McCulloch (supra, p. 413): “ Another will intervened in which she was not mentioned. Should this will also be set aside or refused probate, then it is true, she might realize her hopes and become a legatee, but this interest, while possibly affecting the credibility of her testimony, would be too remote and contingent to disqualify her as a witness under section 347 of the Civil Practice Act. The interest to disqualify must be a present, certain and vested interest and not an interest uncertain, remote or contingent.” The court, pursuant to the ruling in the McCulloch case, overruled the objection and permitted the contestant to testify.
*484 By reason of the failure of the proof in support of the objections and the lack of any fact issue warranting consideration by the jury, the court directed verdicts on the framed issues. The court finds that the instrument here offered for probate was duly executed, that the testator was competent and that he was free from any restraint. Accordingly, the propounded instrument is admitted to probate.